Lee v. Pennington.

---

MARIA T. LEE

V.

JAMES T. PENNINGTON ET AL.

1. ACTION UPON PENAL BOND—PREMATURE SUIT.—A bond was given by a trustee, conditioned that he would hold the trust fund for appellant and her sister, the interest payable to their mother, until the death of their mother, when the fund was to be divided and paid to appellant and her sister, the *cestuis que trust*. The mother is still living, but had assigned her interest to appellant before suit brought. The trustee became insolvent and unable to pay over the trust fund, and upon his death left no estate from which it could be recovered. *Held*, that so long as the mother continued entitled to the interest, and the trustee was guilty of no breach of trust, there was no right of action by appellant until the death of the mother; but the embezzlement of the fund by the trustee, his subsequent insolvency and death, gave the obligee

an immediate right of action upon the bond, and she need not wait until the death of the mother.

2. IMPOSSIBILITY OF PERFORMANCE.—Where a person agrees to do an act by a certain time, and before that time arrives does something which renders it impossible for him to perform the act, an action may be brought before the time for performance arrives.

3. COMPENSATION OF TRUSTEE—VESTED INTEREST.—The right of the trustee to retain a certain per cent. of the trust fund as compensation for his services, gives him no vested interest in the fund which will entitle him or his representatives to retain the fund after a breach of the bond.

4. PRACTICE—PARTIES.—A court of law will not inquire whether a plaintiff sues for himself or as trustee for another; it is sufficient if he has the legal interest in the subject-matter of the suit.

APPEAL from the Circuit Court of Montgomery county; the Hon. J. J. PHILLIPS, Judge, presiding. Opinion filed November 7, 1880.

Messrs. WISE & DAVIS, for appellant; that the embezzlement of the trust fund and insolvency and death of the trustee, rendered it impossible to perform the conditions of the bond, and the obligee had an immediate right of action, cited Short v. Stone, 8 Q. B. 358; Lovelock v. Franklyn, 8 Q. B. 371; Ford v. Tiley, 6 B. & C. 325; Bowdell v. Parsons, 10 East. 359; Hochester v. De Latour, 2 Ellis & B. 678; Chamber of Commerce v. Sollitt, 43 Ill. 519; Fox v. Kitton, 19 Ill. 519.

Mr. GEO. M. STEVENS and Mr. H. A. STEVENS, for appellee; that the liability of a surety is to be strictly construed, cited The People v. Chalmers, 60 N. Y. 154; Chase v. McDonald, 7 Har. & J. 160; Long v. Pike, 27 Ohio St. 498; Bartlett v. Atty. Gen., Parker, 277; Bowdage v. Atty. Gen. Parker, 278; Leigh v. Taylor, 7 B. & C. 491; Napier v. Bruce, 8 C. & F. 470; Boston Hat Co. v. Messenger, 2 Pick. 235; Miller v. Stewart, 9 Wheat. 680; United States v. Hilligas, 3 Wash. C. C. 70; Postmaster Gen. v. Reeden, 4 Wash. C. C. 678; Field v. Rawlins, 1 Gilm. 581; Waters v. Simpson, 2 Gilm. 570; The People v. McHatton, 2 Gilm. 731; The Governor v. Lagow, 43 Ill. 134; Stull v. Hance, 62 Ill. 52.

No suit can be maintained before a demand is due: Nickerson v. Babcock, 29 Ill. 497.

HIGBEE, J.   This was an action of debt by appellant against appellees, James T. Pennington, Richard A. Edey and Elisha S. Williams, brought on a bond, signed by them as sureties, for one Charles Johnson, Jr., since deceased.

The declaration avers that the said Maria T. Lee and Annie Richards, the only heirs-at-law of Thomas Richards, deceased, and Ann Richards, his widow, and Charles Johnson, Jr., since deceased, as trustee, entered into a written agreement on the 1st day of June, 1867, wherein it was provided and agreed that, whereas, the lands, of the late Thomas Richards, deceased, have been sold except two lots; the said parties to the contract agreed that $7,904 being one-third of the net proceeds of said lands, shall be placed in the hands of said Charles Johnson, Jr., as a trustee to hold, control, let out and manage, and that all the interest arising therefrom each year shall be paid over to the widow, Ann Richards, during her natural life, and at her death the trustee to pay to each of said heirs, Maria T. Lee and Annie Richards, in money or notes, as may at that time be in his hands, the sum of $3,952, the same to be secured by a bond in double the amount to each of said heirs.

By said agreement Ann Richards agreed to accept the interest so to be paid her by said trustee on said sum of $7,904, in lieu of her dower; and the said trustee agreed to accept said trust, and to take, let out and manage said sum of $7,904, and to pay over each year to said widow the interest arising therefrom, less a commission of two per cent. thereof, to be retained by him for his services, and upon the death of said widow to pay over to each of said heirs in notes or money then in his hands, the said sum of $3,952. The agreement was signed and sealed by all of said parties.

The declaration further avers, that at the time of the making of the contract aforesaid, the said Charles Johnson, Jr., as principal, and the said defendants, Pennington, Edey and Williams, as his securities, made, executed and delivered to plaintiff their writing obligatory, for the penal sum of $7,904, which writing obligatory in the condition thereto set out and recited that, "whereas, the above bounden Charles Johnson, Jr., is chosen trustee, as described in a certain agreement made, bear-

ing even date with this instrument, whereby there is placed in his hands, as trustee, the sum of seven thousand nine hundred and four dollars, which said sum of money is to be loaned out at the usual rate of interest by the said Charles Johnson, Jr., and all the interest arising therefrom; the above bounden Charles Johnson, Jr., is to collect and pay over to Mrs. Ann Richards, widow, each and every year during her natural life, save and except two per cent. of the whole amount of interest, which said Charles Johnson is to retain as compensation for his services of this trust, and at the decease of Mrs. Ann Richards, widow, is to pay over to Maria T. Lee, her heirs, administrators or assigns, in moneys or notes, as may be in his hands at the time, the sum of three thousand nine hundred and fifty-two dollars, being to each one the one-half of seven thousand nine hundred and four dollars, placed in his hands in this trust.

"Now if the said Charles Johnson, Jr., shall well and truly carry out this obligation and terms of agreement herewith, according to the tenor and intention thereof, and also give additional security in case the above or any portion of it shall become impaired at any time whenever called upon by the parties interested in this instrument, then this obligation to be null and void, otherwise to remain in full force and effect."

It is further averred, that the said Charles Johnson, Jr., at the time of the execution of said agreement and said writing obligatory, received the said sum of $7,904, and that he took upon himself the duties of said trust, and continued to discharge the same until the 21st day of March, 1873, when he departed this life wholly insolvent, without having any estate to answer for his debts and liabilities, and that no letters of administration have ever been taken out on his estate. That in his life-time he appropriated to his own use $7,804 of the said trust fund, and had at the time of his death of said trust fund only the sum of $100.

The declaration further avers, that said widow, Ann Richards, did on the 29th day of January, 1879, assign all her right and title in and to said written agreement, and her rights arising thereunder to the plaintiff and the said Annie Richards mentioned therein; by reason whereof the said plaintiff became

entitled to demand and have of and from the said defendants the said sum of, etc.; and then avers that a demand for the same was made on defendants prior to the commencement of the suit.

A demurrer was sustained to this declaration, and plaintiff abiding by the declaration, judgment was rendered against her for costs, from which she appeals to this court.

So long as the widow continued entitled to the interest on the money, and the trustee was guilty of no breach of trust or violation of any duty imposed upon him by the terms of the bond, no right of action would have accrued to the plaintiff until the death of Mrs. Ann Richards.

But the embezzlement of the trust fund by the trustee, his insolvency and death, rendered it impossible for him ever to fulfill the conditions of the bond requiring him to pay over the money at the death of Mrs. Ann Richards, and the obligee in the bond acquired an immediate right of action, and need not wait the death of Ann Richards before commencing suit.

Where a person agrees to do an act by a certain time, and before that time arrives does something which renders it impossible for him to perform the act, there is an immediate breach of contract, on which an action may be brought before the time for performance arrives.  Short v. Stone, 8 Q. B. 358; Lovelock v. Franklyn, 8 Q. B. 371; Ford v. Riley, 6 B. & C. 325; Bowdell v. Parsons, 10 East. 359; Hockster v De Latour, 2 Ellis & B. 678; (S. C. 20 Eng. L. & Eq. 157) Chamber of Commerce, etc. v. Sollitt, 43 Ill. 519; Fox v. Kitton, 19 Ill. 519.

The right of the trustee to two per cent. of the interest, as a compensation for the management of the trust, gave him no vested interest in the fund, which would entitle him or his representatives to retain the same as against the plaintiff, after a breach of the condition of the bond.  The condition, however, to pay over the money at the death of Ann Richards was not the only duty imposed upon the trustee by the terms of the bond, for which his sureties became responsible.

By the bond, Johnson agreed to loan the money at the usual rate of interest, and pay over the same to the widow, each and every year, less his commission of two per cent., and to carry

out the terms of the agreement and bond according to the tenor and intent thereof; and to give additional security, if necessary, when called upon to do so. The money belonged to the plaintiff, and the bond was given directly to her to secure her against loss by the wrongful acts of the trustee; and the terms of the trust expressly declared and fixed the use to be made of the fund by the trustee. And his securities undertook that he would discharge the duties of his trust according to the true intent of the agreement and bond.

Under the terms of the trust, it was the duty of the trustee to loan the money from time to time on sufficient security to protect the plaintiff from loss. His embezzlement of the fund, and insolvency, was such a violation of this duty as to render him and his securities liable for his breach of the condition of the bond, and entitle the plaintiff to recover the fund in a suit upon the bond. Even if the trust in favor of the widow still continued, the plaintiff, after a breach of the condition of the bond, would have a right to enforce the payment of the money for her own protection, leaving a court of equity to enforce the trust afterwards by the appointment of a new trustee.

A court of law will not inquire whether a plaintiff sues for himself or as trustee for some other person; it is sufficient if he has the legal interest in the subject-matter of the suit. Chadsey, Adm. v. Lewis, 1 Gil. 153; Manlove v. McHatten, 4 Scam. 95; McLean et al. v. The People, 85 Ill. 208; The People v. Stacey et al. 6 Bradwell, 521.

We are of opinion that the cause of action set out in the declaration, entitled the plaintiff to recover, and that the court erred in sustaining the demurrer.

The judgment is therefore reversed, and the cause remanded.

Reversed and remanded.