## J. Engesette v. Donald H. McGilvray.

1. CONTRACTS—*Declaration that a Party will not Fulfill—Suit.*— Where a contractor, before the day of performance, declares that he will not fulfill, the other party may take him at his word and at once bring suit for a breach of the contract.

**Assumpsit.**—Breach of contract. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 13, 1896.

### STATEMENT OF THE CASE.

This appeal comes from a judgment in an action of assumpsit brought to recover the sum of $500 specified as liquidated damages in a contract made between the parties in the words and figures, as follows :

" For and in consideration of the mutual covenants and agreements entered into by and between D. H. McGilvray, of Harvey, Illinois, and J. Engesette, of DeForest, Wisconsin.

The said parties agree, as follows:   McGilvray agrees to sell and deliver to Engesette, on or before August 1, A. D. 1893, all the stock of hardware and tinner's goods that may be in stock at the time of the date and delivery, at the then current wholesale prices as quoted in Chicago, together with the tools on hand, shelving, counters, show cases and to her furniture and fixtures, and a horse and harness and

delivery wagon. If the parties hereto disagree as to the price to be paid for the tools, shelving and counters, show cases and furniture and fixtures, then the matter in dispute to be left to an arbitrator to be selected by each party hereto, and a third arbitrator to be chosen by the first two. McGilvray to keep up the stock and do his best to retain his trade up to the time of transfer.

Said Engesette to give McGilvray twenty days notice before obtaining possession.

The parties hereto mutually agree to forfeit to each other in case of the failure of either party to carry out the agreements herein made the sum of five hundred dollars, which said sum shall be regarded as fixed and liquidated damages to be paid by the party in default.

The said stock and other property herein engaged to be sold to be paid for by said Engesette in cash, on delivery of possession. Each party hereto to share equally in the expense of making invoice.

Executed in duplicate.

Harvey, Illinois, April 20, 1893.

D. H. McGILVRAY,
J. ENGESETTE."

"MADISON, WIS., July 10, 1893.
Mr. D. H. McGilvray, Harvey, Ill.

DEAR SIR: I am now on my way to Chicago and expect to be ready for the stock at the time set, August 1, 1893. I will see you in a few days.

Yours truly,
J. ENGESETTE."

Thus giving McGilvray the twenty days notice specified in the contract.

About July 25, 1893, Engesette went a second time to Harvey, and although he there met McGilvray nothing was said then concerning the contract between them.

On July 29, 1893, Engesette sent one Nordrum to Harvey to tell McGilvray that Engesette would not be ready to take and pay for the stock, etc., on August 1, 1893, and Nordrum went and told McGilvray this.

At Nordrum's suggestion, McGilvray not having made
an invoice or inventory of his stock, etc., Engesette sent a
message by telegraph to McGilvray appointing a place of
meeting at Nordrum's office, No. 224 South Water street,
Chicago, on August 1, 1893, pursuant to which McGilvray
and Engesette met at that place on that day and in the
presence of Nordrum and one Young. Engesette then and
there said that for the reason that his money was tied up
in a bank in Wisconsin, which had failed, he was not pre-
pared to take the property. McGilvray urged Engesette to
fulfill the contract, and offered to extend the time, or make
a new contract, but Engesette declined this, whereupon, and
on August 1, 1893, the day of the maturity of the contract
(as written, *supra*), McGilvray filed his praecipe and sued
out the summons in this suit.

N. M. PLOTKE, attorney for appellant, contended that a
plaintiff can not recover for money not due at the institu-
tion of the suit. Hamlin v. Race, 78 Ill. 422; Gordon v.
Kennedy, 2 Binn. 287; 1 Chit. Pl. 372; Cunningham v. Mer-
rell, 10 J. R. 203; McClure v. Rush, 9 Dana 64; Allen v.
Saunders, 7 B. Mon. 593; Kettele v. Harvey, 21 Vermont
301; Lord v. Belknap, 1 Cush. 279; Tompkins v. Elliott, 5
Wend. 496.

CHAS. P. HUEY, attorney for appellee.
One exercising the power to rescind his contract without
right—that is, declaring to the other party his intention
not to abide by it, commits thereby a breach, whereon the
other may bring an immediate suit, without demanding a
performance, which, by the terms of the contract, was to
be in the future. Bishop on Contracts, Sec. 1428 and cases
cited; Crabtree v. Hagenbush, 25 Ill. 214; Selby v. Hutch-
inson, 4 Gilm. 319; Daggett v. Brown, 28 Ill. 493; Chair-
man of Com. v. Sollitt, 43 Ill. 519; Lee v. Pennington, 7
Brad. 251; 86 Ill. 14.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellant having given notice that he would not fulfill his contract, appellee was not bound to do a vain and useless thing, *i. e.*, prepare an inventory and tender the goods.

Where a contractor, before the day of performance, declares that he will not fulfill, the other party may take him at his word and at once bring suit for a breach of contract. Fox v. Kitton, 19 Ill. 519; Chitty on Contracts, Vol. 2, p. 1067; Hochester v. De La Tour, 20 Eng. Law & Eq. 157; Lee v. Pennington, 7 Ill. App. 247.

The judgment of the Circuit Court is affirmed.