### John K. Allen and John S. Palmer v. The D. H. Ranck Publishing Co.

1. SALES—*Of a Periodical on Condition.*—Where one party sells to another the effects, property and good will of a periodical, the publication of which he agrees to continue, and to pay therefor fifteen per cent of the gross receipts quarterly until such payments aggregate the sum of three thousand dollars, the title of the property sold to remain in the vendor until full payment is made, the vendee, however, having the right to pay the three thousand dollars at any time and to receive a bill of sale, *held*, that the vendee had an absolute right to pay the sum mentioned at any time, or to pay the fifteen per cent of the gross receipts until such payments amounted to the three thousand dollars, and to claim for himself an absolute title.

2. SAME—*Executory Contracts—Right of Recovery Under.*—Where a party buys the effects and good will of a periodical for the sum of three thousand dollars, agreeing to continue its publication and to pay fifteen per cent of the gross receipts quarterly until the payments amount to the sum of three thousand dollars, by refusing to continue its publication according to his agreement, before the receipts amount to the sum mentioned, he gives the vendor a right of action to recover the amount of the purchase price remaining at the time unpaid.

3. CONTRACTS—*To Be Performed in the Future where the Party Refuses to go on with His Undertaking.*—Where a party to a contract to be performed in the future refuses to go on with his undertaking, the question as to whether the other party may bring suit before the period for performance has arrived has elicited much discussion and divergence of opinion. (See cases cited in the opinion.)

Assumpsit, on a contract to be performed in the future. Error to the Superior Court of Cook County; the Hon. MARCUS KAVANAGH,

Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 1, 1901.

J. V. A. Weaver, attorney for plaintiffs in error.

J. D. Riley, attorney for defendant in error.

Mr. Justice Waterman delivered the opinion of the court.

The Ranck Publishing Company, in February, 1894, sold to the plaintiffs in error, defendants below, the effects, property and good will of a periodical, known as "Milling," they agreeing to continue the publication of said magazine and to pay therefor fifteen per cent of the gross receipts of such publication, quarterly, until such payments aggregated the sum of $3,000, the title of the property so sold to remain in the vendor until full payment had been made, the vendee having the right to pay said $3,000 at any time, and thereupon receive a bill of sale.

The property was delivered to the vendees and they entered upon and continued the publication of the magazine until the fall of 1896, when publication was, by them, finally suspended.

Thereafter the vendor brought suit, and admitting having, during the publication, received from the vendees $741.24, recovered, in February, 1900, a judgment for $2,258.76, being the balance of the $3,000, to be paid out of the gross receipts.

Plaintiff in error insists that as the title, under the terms of the contract, had not passed at the bringing of the suit, the sale was conditional, and that the vendor can not recover the purchase price. The sale was absolute; that is, the vendees had an absolute right to pay at any time or to pay fifteen per cent of the gross receipts until such payments amounted to $3,000, and thus entitle themselves not only to possession and use, which they already had, but to absolute title. That they had not absolute title is their own fault; in no wise that of the vendor.

By refusing to go on with the publication, as they agreed, they made it impossible that there should be gross receipts,

fifteen per cent of which will amount to the purchase price. They thus gave to the vendor a present right of action to recover the amount of the purchase price remaining then unpaid. Kadish v. Young, 108 Ill. 170; Fox v. Kitton, 19 Ill. 519; Chamber of Commerce v. Sollitt, 43 Ill. 519; Lee v. Pennington, 7 Ill. App. 247; Lyon v. Culbertson, 83 Ill. 33–49; Roebling Sons Co. v. Lock Stitch Fence Co., 28 Ill. App. 184–188; Broom's Legal Maxims, marginal paging, 250–279.

When one party to a contract, to be performed in the future, refuses to go on with his undertaking, the question of whether the other party may bring suit before the period for performance has arrived has elicited much discussion and divergence of opinion; as see Burtis v. Thompson, 42 N. Y. 246; Hollaway v. Griffith, 32 Iowa, 409; Freer v. Denton, 61 N. Y. 492; James v. Adams, 16 W. Va. 245; Daniels v. Newton, 114 Mass. 530; U. S. v. Behan, 110 U. S. 339; Dingley v. Oler, 117 U. S. 490–503; Johnstone v. Milling, 16 Q. B. Div. 460; Hochster v. De la Tour, 2 E. & B. 678; Roper v. Johnson, Law Rep. 8 C. P.

The instruction of the court that if the jury found that although the publication had gone on there would have been no more gross receipts, then under such finding the plaintiff could not recover, was certainly as favorable as the vendees could have expected. The judgment of the Superior Court is affirmed.