## AMERICAN INSURANCE UNION v. WOODARD.

No. 16816—Opinion Filed June 15, 1926.

1. **Insurance—Wrongful Forfeiture of Fraternal Insurance Contract — Action Against Insurer for Damages.**

If a fraternal insurance company wrongfully declares the forfeiture of a contract of insurance, issued in favor of one of its members, and gives notice of the forfeiture to the latter, the assured is excused from further performance of the contract, and may treat the contract of insurance as terminated. Thereupon a right of action accrues in favor of the assured against the insurance company for damages for the wrongful breach of the contract.

2. **Same—Measure of Damages.**

The measure of damages for the wrongful breach of a contract of insurance, issued by a fraternal insurance company to one of its members, is the present value of the policy, if the member at the time of the breach of the contract is no longer an insurable risk.

3. **Same—Present Value of Policy—How Determined.**

The present value of the policy is determined by ascertaining the total amount of premiums which would be required to carry the policy during the life expectancy of the assured from the time of the breach of the contract, and deducting such sum from the face of the policy. A sum of money equal to the interest on the remainder of the policy, for the life expectancy of the assured, should also be deducted from the face of the policy. The remainder from the face of the policy after the two deductions will constitute the present value of the policy, provided, however, a sum of money equal to the interest on the total premiums for the life expectancy of the assured should be deducted from the total amount of the premiums as a credit in favor of the assured.

4. **Same—Life Expectancy of Assured as Question of Fact.**

The life expectancy of the assured from the time of the breach of a contract of insurance is a question of fact for the jury. The question is to be determined from competent life expectancy tables, and from the physical condition of the assured at the time of the breach of the contract if the latter was suffering from a bodily affliction which might prove fatal, or shorten the expectancy of the assured.

5. **Same—Judgment for Insured not Sustained.**

Record examined; held, to be insufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by Rosa Woodard against the American Insurance Union. for damages for

the breach of a contract of insurance by the latter. Judgment for plaintiff, and defendant brings error. Reversed.

C. H. Tully, for plaintiff in error.

John T. Cooper, for defendant in error.

Opinion by STEPHENSON, C. The Home Protective Association, a fraternal insurance company of Springdale, Ark., issued a certificate of insurance in a varying sum of money to Rosa Woodard, one of its members. The contract was issued to the plaintiff in January, 1917, and named Jacob Woodard, the husband of the assured, as beneficiary. The contract provided that $100 should be paid to the beneficiary, if death occurred within six months from the date of the contract, and that the contract should be increased by the sum of $12.50 per calendar month, until it reached the maximum sum of $1.000. The $1,000 then became the fixed liability of the insurance company upon the death of the assured, if in good standing. The American Insurance Union assumed the contract, and became responsible for its performance under the same conditions as the Home Protective Association. The American Insurance Union notified the assured in October, 1923, that the policy had been canceled for failure to pay premiums due thereon.

Rosa Woodard commenced her action against the American Insurance Union for damages for the forfeiture of the contract. The plaintiff alleged that she had paid the dues on the policy to January 1, 1924, and that all dues were paid on the policy at the time the company declared its forfeiture. The plaintiff further alleged that she was in good health at the time the policy was issued, and at the time of its forfeiture she was no longer an insurable risk. The plaintiff further alleged that the wrongful forfeiture of the policy by the defendant had damaged her to the extent of the present value of the contract, in the sum of $1,000. The trial of the cause resulted in judgment in favor of the plaintiff in the sum of $1,081.47 as damages. The insurance company appealed the cause here, and seeks reversal on the ground that the judgment is contrary to the law and the evidence.

The physical condition of the plaintiff constituted her an insurable risk at the time the insurance contract was issued to her by the Home Protective Association. The plaintiff was suffering from tuberculosis at the time the insurance company forfeited the policy on the ground of her alleged failure to pay premiums due on the contract. The court found the issue of fact in favor of the assured, and that the latter had paid all due premiums at the time the forfeiture was declared in October, 1923. The plaintiff was not an insurable risk at the time the contract was forfeited, and the plaintiff was thereby prevented from procuring other insurance after the contract was forfeited.

The plaintiff in error, by assuming the contract of the Home Protective Association, bound itself to perform in the future an act for the benefit of the plaintiff, on the happening of a certain condition, if the assured discharged the requirements imposed upon her by the terms of the contract. The record shows that the plaintiff had performed all conditions required of her at the time the plaintiff in error declared the forfeiture of her contract of insurance. A person who binds himself, upon lawful conditions, to perform an act in the future, for the benefit of another, upon the happening of a certain condition, cannot escape the responsibility to perform the act by declaring a wrongful rescission of the contract on his part before the happening of the condition. It requires a mutual agreement between or among all parties to the contract to effect a rescission, or the release of either or any of the parties to the contract. If a fraternal insurance company notifies the assured that it has canceled the contract of insurance, and the forfeiture be in violation of the provisions of the contract, the assured may treat the contract as wrongfully breached by the insurance company. The assured will not be required to wait until the time that the insurance company ought to have performed the act for the benefit of the assured, but may treat the contract as terminated, and sue on the contract immediately for the wrongful breach. It will be presumed that the physical condition of the plaintiff made her an insurable risk at the time the contract was issued. The plaintiff was then in a physcial condition which would have enabled her to have applied to any fraternal insurance company for a contract of insurance. The contract entered into between the plaintiff and the Home Protective Association bound the latter to pay $1,000 to the beneficiary of the plaintiff, if the plaintiff lived and continued the contract for more than 72 months after its execution. The insurance company and its successor, who is plaintiff in error, continued the contract of insurance in effect for more than 72 months, and until the plaintiff became impaired in health, so that she was no longer an insurable risk. It is neither equitable nor just to permit the plaintiff in error to accept the contract, and continue

it in effect until the plaintiff was no longer an insurable risk, and then cancel the contract without answering to the assured for the present value of the contract. The plaintiff was authorized to commence the instant action against the insurance company immediately, as a consequence of the declared forfeiture of the contract. Engesetts v. McGilvray, 68 Ill. App. 461; Aetna L. Ins. Co. Nexsen, 84 Ind. 347; Hallaway v. Griffin, 32 Iowa, 409; Zuck v. McClure, 98 Pa. St. 541; Tinsley v. Foster (Tex. Civ. App.) 25 S. W. 298; Cobb v. Hall, 33 Vt. 233; Nilsen v. Morse, 52 Wis. 240; Potter v. Taggart, 54 Wis. 395.

The question of the rights of the assured, where the insurance company wrongfully forfeited the contract, was before the Supreme Court of New Jersey in the case of O'Neill v. Supreme Council American Legion of Honor, 70 N. J. 410, 1 Anno. Cas. 422. The court said in relation to the right of the assured to maintain an action on the contract for damages, immediately following the forfeiture:

"Numerous reported decisions have laid down the doctrine that where a contract embodies mutual and interdependent conditions and obligations, and one party either disables himself from performing, or prevents the other from performing, or repudiates in advance his obligations under the contract and refuses to be longer bound thereby, communicating such repudiation to the other party, the latter party is not only excused from further performance on his part, but may, at his option treat the contract as terminated for all purposes of performance, and maintain an action at once for the damages occasioned by such repudiation, without awaiting the time fixed by the contract for performance by the defendant. This doctrine has been followed in the English courts for more than a half century. Hochster v. DeLa Tour, 2 El. & Bl. 678. 75 E. C. L. 678. 22 L. J. Q. B. 455. 17 J. U. R. 972. 6 Eng. Rul. Cas. 576; Cort v. Ambergate. 17 Q. B. 127. 79 E. C. L. 127, 20 L. J. Q. B. 460, 15 Jur. 877; Avery v. Bowden. El. & Bl., 714, 85 E. C. L. 714, 6 El. & Bl. 953, 88 E. C. L. 953; Danube, etc., R. Co. v. Xenos. 11 Exchequer Chamber. 13 C. B. N. S. 825. C. B. N. R. 152, 103 E. C. L. 152, 31 L. C. P. 1, 84, 51 T. N. S. 527. Affirmed on appeal in 106 E. C. L. 825, 31 L. J. C. Pl. 284. 8 Jur. Ns. 439: Frost v. Knight. L. R. 7 Exch. 111. 41 L. J. Exch. 78, 26 L. T. N. S. 77; Johnstone v. Milling. 16 Q. B. D. 460. 55 L. J. Q. B. 162. 54 L. T. N. S. 629; Synge v. Synge (1894) 1 Q. B. 466, 63 L. J. Q. B. 202, 70 L. T. N. S. 221."

The court said in further discussion of the question:

"The man who wrongfully renounces a contract into which he has deliberately entered cannot justly complain if he is immediately sued for a compensation in damages by the man whom he has injured; and it seems reasonable to allow an option to the injured party, either to sue immediately or to wait the time when the act was to be done, still holding it as prospectively binding for the exercise of this option, which may be advantageous to the innocent party and cannot be prejudicial to the wrongdoer."

The rule applied by the Supreme Court of N. J. in authorizing the assured to maintain an action on the contract for damages for its breach immediately after being notified of the wrongful forfeiture. is the prevailing American and English rule, and supported by the decided weight of authority.

The rule governing the measure of damages recoverable by the assured for the wrongful breach of the contract of insurance is not uniform among the several courts. One of the reasons for the lack of uniformity is the varying conditions controlling the decided cases. The particular condition applicable to the case then being considered has given rise to the statement of the rules to meet the ends of justice in the case among the parties.

The Home Protective Association was under no obligations to enter into a contract with the plaintiff. but having entered into the contract with her, and bound itself to perform the conditions therein named, it, or its successor, must live up to the contract. or answer for damages equal to the present value of the contract to her. The insurance company entered into the contract at the time her physical condition constituted her an insurable risk with all companies, who wrote similar contracts of insurance. The insurance company carried the contract until the assured became impaired in physical condition to the point where she was no longer an insurable risk. The Home Protective Association was bound by the terms of the contract to carry the risk. and pay the loss as provided by the contract. if the assured continued in good standing as a member of the association. The assured performed all the conditions required of her by the terms of the contract. The insurance company has forfeited the contract without wrong on the part of the assured. at a time when she is not able to procure other insurance. In this situation, the assured's damage, by reason of the breach of the contract, is the present value of the contract. The damage is determined by ascertaining the total premiums that would be required to carry the contract during the plaintiff's life expectancy, from the

time of the breach of the contract, and deducting the amount thereof from the face of the policy. However, the plaintiff is entitled to a credit for interest on the total amount of premiums for a period of time equal to the life expectancy of the assured. A further sum of money equal to the interest on the face of the policy, after deducting the premiums, for a period of time equal to the plaintiff's life expectancy, should be deducted from the remainder of the face of the policy. After making the two deductions from the face of the policy, as set forth, and giving the plaintiff the credit referred to, the remainder will be the present value of the policy, and is the damage that plaintiff suffered by reason of the breach of the contract.

We think the situation of the parties in this case requires the application of the foregoing rule to repair the damage suffered by plaintiff on account of the wrongful breach of the contract.

The question of the measure of damages was before the Circuit Court of Appeals on a record as involved in the instant case. On this point, the court said in the case of Mutual Reserve Fund Life Ass'n v. Thomas Ferrenbach, Executor, 75 C. C. A. 304, 144 Fed. 342, 7 L. R. A. (N. S.) 1163:

"In view of all the special circumstances of the case, the character of the policy, the physical condition of the insured, and the absence of any measure promising more accurate compensatory results, we are of the opinion that the recovery should be for the amount of the policy, less the cost of carrying it to maturity had it remained in force."

The measure of damages applied in the instant case is supported by the case of Ebert v. Mutual Res. Fund Life Assoc., 81 Minn. 116, 83 N. W. 506, 84 N. W. 457. Other cases, which support the rule as to the measure of damages, are: Langan v. American Legion of Honor, 70 N. Y. Supp. 633; 174 N. Y. 266, 66 N. E. 932; Merrick v. N. W. Nat. L. Ins. Co., 124 Wis. 221, 109 Am. St. Rep. 931, 102 N. W. 953.

This case was tried to the court without the intervention of a jury, and judgment was entered in favor of the plaintiff for the face of the policy in the sum of $1,000, plus interest from date of the declared forfeiture. Recovery should have been allowed plaintiff on the basis of the foregoing rule. However, the plaintiff should be allowed interest on the present value of the policy from the time of the breach of the contract. All calculations mentioned refer to the date of the declared forfeiture of the contract by the insurance company. The

life expectancy of the plaintiff in a question of fact for determination by the jury. On account of the physical condition of the plaintiff at the time of the breach of the contract, the life expectancy should not be controlled entirely by the American mortality tables, or other tables showing the life expectancy of persons of given age. The life expectancy of the plaintiff must be determined, as judged with the mortality tables in connection with the health of the assured. It is for the jury to say, from all the facts, what the probable expectancy of the plaintiff would be as judged from her age and physical condition, in connection with the mortality table. A person of plaintiff's age, in reasonably sound health, would be expected to live longer than a person of the same age afflicted with tuberculosis.

The plaintiff in error makes the point that it has divided its members into classes of 1,000 members, and that the members are assessed only for the death of members included in the same class. It is the contention of the plaintiff in error that the judgment in this case should run against the class to which the plaintiff belonged. The answer to this contention is, that the contract shows on its face that the liability in this case runs against the plaintiff in error, and not against some given class of members belonging to the association of the plaintiff in error. The promise sued on in the contract is that of the plaintiff in error, and a breach of that promise by the plaintiff in error is the liability of the latter.

The cause is reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. p. 92. (2, 3) 29 Cyc. p. 253. (4, 5) 32 C. J. p. 1265 §466.