## AMERICAN INSURANCE UNION v. JONES.

No. 19461.   Opinion Filed Feb. 5, 1929.

J. D. Karns, C. H. Tully, and B. W. Gearheart, for plaintiff in error.

John T. Cooper, for defendant in error.

FOSTER, C. Gus Jones brings this action in the district court of McIntosh county against the American Insurance Union on two counts: (1) That the American Insurance Union had canceled. a certain insurance policy issued to the said Gus Jones, and praying for damages therefor; (2) that the second count is based upon an amount due under the terms of the policy for the loss of the use of a leg, under which Jones claims he is entitled to the sum of $1.000.

The American Insurance Union relied upon several defenses, in substance: That the policy sued upon had been canceled for nonpayment of dues, and that there was no liability on the company for the loss of a leg, and, if any liability, the statute of limitations had expired before the filing of this suit. A trial was had before the court without the intervention of a jury, which resulted in a verdict in favor of Jones in the sum of $1,000, from which the insurance company appeals. The parties will be referred to as they appeared in the trial court.

It appears from the record that, in May, 1917, Gus Jones made application for a membership certificate in the Home Protective Association, of Springdale, Ark., and that upon his application a certificate of insurance was issued, and that after the issuance of the certificate, the company was merged with the defendant herein, the American Insurance Union. The terms of the application, as well as the terms of the insurance policy and the contract of merger, also the constitution and by-laws of each association, are identical with those in the case of American Insurance Union v. Tom C. Mead, 135 Okla. 93, 274 Pac. 475.

The two cases differ, in that the minimum assessment under the policy in the case at bar was 37 cents, and reached its maximum in May, 1924, when it amounted to $1.19 per month. When the maximum was reached, the options offered to Jones were somewhat different from those offered to Mead, but each of the options offered Jones was to accept a different policy than the one held by him. The rider mailed to Jones seems never to have been returned to the company, but, since there is no dispute about its being mailed, we believe he is bound thereby to the same extent as in the Mead Case. Williams v. Insurance Co. (Kan.) 191 Pac. 291.

The contentions in the case at bar concerning the first count of plaintiff's petition, which has to do with the cancellation of the policy, are therefore practically the same as in the case of American Insurance Union v. Mead, supra, and the opinion in that case, as to the matters therein discussed, is conclusive here.

Under the second count of plaintiff's petition, it is alleged that, in the year 1919, after the merger agreement had been entered into, the plaintiff sustained an injury which resulted in the loss of the use of one of his legs. While his leg was never amputated, there is testimony by a physician to the effect that it was absolutely worthless, and that plaintiff would be better off if the same were amputated. He, therefore, claims the sum of $1,000 for the loss thereof pursuant to the provision of the original policy, which is as follows:

"Should the certificate holder, after the date of this certificate, through accidental means only lose the entire sight of one or both eyes, or one or both hands, or one or both feet, then this association will, upon satisfactory proof and surrender of this certificate, pay the value of the same to the certificate holder (if not otherwise provided) conditioned that all assessments against said certificate have been paid and the member is in good standing."

The testimony as to when the loss of the use of the plaintiff's leg occurred is somewhat conflicting and confusing. The accident occurred in the fall of 1919, at which time his leg was very badly broken. Plaintiff secured a doctor, had the same set and treated for several years in an attempt to save the use thereof. It appears that he had his leg treated at intervals until the year 1924, and that he had it examined only a few months prior to the date of the trial. In 1921, he wrote the company telling them about the accident. and the company advised him by letter that his policy only provided for benefits in case of death.

·This suit was filed on September 27, 1926, which was more than five years after the accident, but we cannot say that it was more than five years after the loss of the use of plaintiff's leg. The testimony seems to fix no definite date, and the court, by its general judgment, found that the statute of limitations did not bar the action; and this being a matter incumbent upon the defendant to show, we believe it failed to bring itself within the terms of the statute. The question of whether or not the statute of limitations applies is a question of fact in each case for the court or jury, and, where there is any testimony reasonably tending to support the finding of the trial court, the same will not be disturbed on appeal. We believe the testimony supports the finding of the trial court.

It is next contended that the judgment of the trial court in favor of plaintiff for the sum of $1,000 was erroneous, because there is no testimony to support it; that even if the policy be in force and effect and the statute of limitations has not run, the plaintiff is only entitled to the amount of one assessment upon the membership roll of which he is a member, and that there is no showing in this case as to what one assessment would be.

The judgment of the trial court was based both upon the cancellation of the policy and as a result of the injury, and the sum allowed was $1,000. Under the provisions of the policy, as above set out, for the loss of one foot it is provided that the policyholder shall be entitled to the "value of the same," meaning the value of the policy.

In the case of American Insurance Union v. Woodard, 118 Okla. 248, 247 Pac. 398, it was held by this court, upon a policy identical with the one in the case at bar, that upon reaching the maximum as provided in said policy the $1,000 becomes a fixed liability of the insurance company upon the death of the assured.

We have examined the record in the case of American Insurance Union v. Woodard, supra, filed in the office of the clerk of the Supreme Court, and find that the same contention was made in that case, so far as the amount of the liability was concerned, contending that it should pay whatever an assessment upon the rolls would amount to; and, while the court did not pass directly upon the proposition here presented, it did in that case fix the value of the policy without any testimony as to what one assessment upon the rolls would amount to.

In construing the rules and by-laws of a fraternal insurance company, the court will put upon them a liberal construction and give to the language such meaning as will tend not to defeat, but rather to carry out, the manifest intention of the parties. W. O. W. v. Gilliland, 11 Okla. 384, 67 Pac. 485.

As the record in this case is sufficient to justify the court in finding that the maximum, as provided in plaintiff's original policy, had been reached at the time of the accident, under the rule announced in the case of W. O. W. v. Gilliland, supra, and the holding of the court in the case of American Insurance Union v. Woodard, supra, we believe there is testimony sufficient to support a finding that the value of the policy at the time of the injury was the sum of $1,000. The trial court based its judgment both upon the ·cancellation of the policy and the damages resulting by reason of the injury, but if there is any testimony to support the judgment under either theory, the same will not be disturbed here.

*The judgment of the trial court is therefore affirmed.*

BENNETT, TEEHEE, LEACH, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (3) 17 R. C. L. p. 984; 6 R. C. L. Supp. p. 1042. See "Appeal and Error," 4 C. J. §2853, p. 879, n. 83. "Limitations of Actions." 37 C. J. §718, p. 1213, n. 50; §760. p. 1240, n. 36. "Mutual Benefit Insurance," 45 C. J. §20, p. 22, n. 48.