## GRAND FRATERNITY v. NICOSIA.

No. 1071.

Court of Civil Appeals of Texas. Waco.

July 9, 1931.

Rehearing Denied Sept. 17, 1931.

Tom M. Hamilton, of Waco, and Eckford & McMahon, of Dallas, for appellant.

F. M. Fitzpatrick, of Waco, for appellee.

ALEXANDER, J.

This was a suit brought by Roselee Nicosia against the Grand Fraternity, a fraternal beneficiary association, incorporated under the laws of the state of Pennsylvania, without capital stock. The plaintiff became a member of the fraternity in 1916 and was issued a life insurance certificate in the sum of $2,000, payable upon her death. In January, 1922, the fraternity canceled the certificate for alleged nonpayment of dues. The plaintiff sued for damages for the alleged wrongful cancellation of the certificate. She alleged that at the time said certificate was canceled she had a life expectancy of fourteen and one-tenth years, and that the face value of said certificate at maturity would have been $2,000, and that the unpaid premiums that she would have been required to pay would have amounted to $1,260.28. She prayed for the difference of $739.72. A trial was had before the court without a jury which resulted in a judgment in favor of the plaintiff for the sum of $308. The defendant appeals.

The trial court filed findings of fact in which it was found that the defendant issued and delivered its certificate to the plaintiff by which it agreed to pay the beneficiary named therein the sum of $2,000 upon the death of the insured; that the plaintiff paid all dues thereon up to April, 1922, but the defendant declared said certificate forfeited in January, 1922. The court also found that the plaintiff did not pay the dues for December, 1921, promptly when due, but that the defendant had a custom of allowing plaintiff to pay such dues after the expiration of the time allowed by the certificate, and that plaintiff had actually paid such dues within the time usually allowed to her, and that the company had accepted and retained such dues, and had thereby estopped itself to claim that said certificate had been forfeited. These findings are supported by the evidence.

The only material question for consideration is the measure of damages to be applied. The court found the cash value of the policy to be $308 and allowed judgment for that sum. The appellant insists that the evidence is insufficient to justify a judgment for that amount.

■■ Ordinarily, where an insurance company repudiates its contract of insurance and refuses to be further bound thereby, and the insured elects to accept the breach and to sue for the damages, the measure of his damages is the value of the policy at the time of the unlawful cancellation. Where the policy is a whole life policy and has no cash surrender value and is not fully paid up, as in this case, the value of the policy may be ascertained by taking the difference between the present value of the face of the policy, less the premiums which would become due during the period of expectancy with interest compounded at a reasonable rate. Supreme Lodge, Knights of Pythias, v. Neeley (Tex. Civ. App.) 135 S. W. 1046, at page 1050; Provident Savings Life Assurance Society v. Ellinger (Tex. Civ. App.) 164 S. W. 1024, par. 8; (writ refused); St. Louis & S. W. Ry. Co. v. Thompson, 102 Tex. 89, 113 S. W. 144, 147, 19 Ann. Cas. 1250; Mutual Reserve Fund Life Ass'n v. Ferrenbach (C. C. A.) 144 F. 342, 7 L. R. A. (N. S.) 1163; Ebert v. Mutual Reserve Fund Life Ass'n, 81 Minn. 116, 83 N. W. 506, 834, 84 N. W. 457; 5 Cooley's Briefs on Insurance (2d Ed.) pp. 4699 et seq.; American Ins. Union v. Woodard, 118 Okl. 248, 247 P. 398, 48 A. L. R. 102. This seems to have been the measure of damages adopted by the appellee in her pleadings.

However, there was no evidence introduced as to what would be a reasonable rate to be used in compounding the interest for the purpose of ascertaining the present value of the amount provided for in the certificate, nor the value of the dues that were to be paid in the future. According to the certificate, the dues amounted to $7.72 per month, if paid monthly, or $90.02 per year, if paid annually in advance. The appellee had a life expectancy of fourteen and one-tenth years as alleged by her. The statutory rate of interest in this state is 6 per cent. If the face of the policy be discounted at 6 per cent. compound interest, and if interest at the same rate be charged on the unpaid premiums from the time of their maturity to the end of the life expectancy of the insured, it will be found that the policy had no value, and that appellee was not entitled to recover anything. Moreover, if we use 6 per cent. simple interest in making the above calculations, the value of the policy will be much less than that found by the court. There is nothing in the record to show what method of calculation was used by the trial court in arriving at the value of the policy, and no evidence was introduced to authorize the use of any particular rate of interest in making the calculation.

■ While, as held in the case of Supreme Lodge, Knights of Pythias, v. Neeley (Tex. Civ. App.) 135 S. W. 1046, the interest should be compounded at a reasonable rate in arriving at the face value of the certificate and the value of the unpaid dues at the maturity of the certificate, we do not think that the statutory rate of 6 per cent. should be used. The statutory rate of 6 per cent. was provided for the calculation of simple interest.

Compound interest is not favored by the courts, 33 C. J. 191, but it will be allowed when the equities of the case require it, 33 C. J. 252. We think that, when under the circumstances it is necessary that the interest be compounded in order to administer justice, and the rate of such compound interest is not fixed by contract, evidence should be introduced showing what would be a reasonable rate to use in compounding the interest. Herzing v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 17 S.W.(2d) 1046, par. 1; United States Fidelity & Guaranty Co. v. Nettles (Tex. Com. App.) 35 S.W.(2d) 1045, par. 1.

The judgment of the court is not supported by the evidence. The judgment is therefore reversed, and the cause remanded for a new trial.