**NATIONAL LIFE CO. v. HARVEY.**

No. 5388.

Court of Civil Appeals of Texas. Amarillo.

Feb. 2, 1942.

Rehearing Denied March 9, 1942.

Coker, Rhea & Vickrey, of Dallas, for appellant.

Lewis M. Goodrich and Clayton Heare, both of Shamrock, for appellee.

STOKES, Justice.

On May 14, 1918, the National Life Association of Des Moines, Iowa, a mutual assessment company, issued to appellee, Owen B. Harvey, its policy or certificate of life insurance in the sum of $5,000 payable to Minnie Harvey, his wife, as beneficiary, at the home office of the association in Des Moines. The annual premium to be paid to the association by appellee was the sum of $72.50 which, by special arrangement, was payable semiannually in the sum of $36.25 May 14th and a like amount November 14th of each year. Appellee paid the premiums regularly until May 14, 1940, when his cheque for $36.25 was refused by appellant for the reason, as given by it, that the amount remitted thereby was not sufficient. The record shows that on January 30, 1929, the National Life Association was reorganized and converted into a legal reserve or old line company under the name of National Life Company, which is the appellant herein; that the new organization assumed the contracts of the old, including appellee's policy, and continued to receive the premuims paid by appellee and the others who held insurance policies or certificates in the old association. The policy contract contained the provision that "after the first annual payment stated in the face of this policy, the insured agrees to make subsequent payments to the association, which shall be due and payable annually, at the expiration of each year from the date of this policy, as follows: (a) For the general and benefit funds such amounts as may be levied by the board of directors of the association, the entire mortuary and surplus funds being pledged to maintain an annual rate therefor which is not in excess of $72.50; also, the reserve fund may be drawn upon to maintain said rate if the amount realized therefrom for mortuary purposes is not sufficient."

Sometime prior to May 14, 1940, the board of directors of appellant company levied an assessment on appellee's policy and appellant notified appellee that there would be due and payable on May 14, 1940, a semiannual premium of $88.75, and the record indicates that the semiannual payment tendered by appellee on May 14, 1940, being for the sum of $36.25 only and not for the amount of $88.75 in accordance with the resolution of the board of directors, constituted the cause and reason for appellant's refusal to accept the same. Appellee declined to increase his payments in accordance with the resolution and appellant thereupon canceled the policy.

Appellee filed this suit on October 30, 1940, in the District Court of Wheeler County for damages which he alleged had accrued to him by virtue of the act of appellant in wrongfully repudiating the contract, measuring his damages by what he alleged to be the value of the policy at the time it was rescinded, which he alleged was the sum of $3,840. He contends that, in view of the provisions of the policy which we have quoted, appellant could not change or increase the premiums without his consent.

Appellant filed its plea of privilege in the ordinary form, in which it alleged that at the time the suit was filed and citation served upon it, and at the time of filing the

plea of privilege, the place of its residence was Dallas County. It alleged that it was a corporation, organized under the laws of the State of Iowa, with its principal office in that State, but having a permit to do business in Texas, and that its only office and principal place of business in Texas was located in Dallas County. It also alleged that no exception to exclusive venue in the county of one's residence provided by law existed in the cause, and prayed that the cause of action be transferred to one of the district courts of Dallas County.

Appellee filed a controverting affidavit, and the issues made upon the plea of privilege and affidavit were submitted to the court on the 9th of May, 1941, and resulted in an order overruling the plea of privilege. Appellant duly excepted to the order, gave notice of appeal, and has brought the case to this Court for review upon a number of assignments of error and propositions of law in which it seeks a reversal of the judgment. It devotes a large portion of its brief to the proposition that at the hearing on the plea of privilege, appellee did not establish a cause of action, but, in view of the conclusions we have reached in regard to other assignments urged by appellant, we deem it unnecessary to discuss that contention or express any opinion concerning it.

The controlling issues presented by the brief are, first, that the cause of action as pleaded by appellee is a suit for damages for alleged wrongful cancellation or repudiation of the contract of insurance, and not a suit on the policy within the contemplation of section 28, article 1995, R.C.S., and, secondly, that neither the pleading nor proof reveals a cause of action, or any part thereof, which arose in Wheeler County, as provided in section 27, article 1995, R.C.S.1925.

The law is well settled in this State that when an insurance company wrongfully repudiates or cancels a policy of insurance before it matures, its act in doing so gives rise to a cause of action in favor of the insured. He has several remedies, among which are (a) an equitable proceeding to enforce specific performance, (b) he may tender his payments in accordance with what he conceives to be the terms of the contract, and at his death his beneficiary can collect the face value of the policy less the amount of the premiums due if his interpretation of the policy proves to be correct, or (c) he may treat the cancellation of the policy as a repudiation and sue to recover his damages for such breach. Supreme Lodge K. P. v. Neeley, Tex.Civ. App., 135 S.W. 1046; Grand Fraternity v. Nicosia, Tex.Civ.App., 41 S.W.2d 684; Washington Life Insurance Co. et al. v. Lovejoy et al., Tex.Civ.App., 149 S.W. 398. It is the last-mentioned course which appellee pursues in this case, and the question of whether or not appellee can maintain venue in Wheeler County under the provisions of section 28, article 1995, R.C.S.1925, depends upon the status of the contract at the time the suit was filed. In the case of Texas Mutual Life Insurance Co. v. Bryan, 67 S.W.2d 1106, the Court of Civil Appeals at Beaumont held that the appellee's suit as pleaded did not come within section 28 of article 1995, as being a suit on an insurance policy, but was for the return of premiums by reason of the cancellation of the policy. The same holding was made by the El Paso Court of Civil Appeals in the case of Reliance life Insurance Co. v. Robinson, 202 S.W. 354, wherein, upon a subsequent cancellation of the policy, the plaintiff sought recovery of the initial premium which he had paid to the agent.

The reason for the rule is that when one party, before the maturity of his contract, announces his intention not to fulfill it, the other party may rescind the contract and sue for any damages that may have accrued to him by virtue of its cancellation. Roehm v. Horst et al., 178 U.S. 1, 20 S.Ct. 780, 44 L.Ed. 953; Brady v. Oliver, 125 Tenn. 595, 147 S.W. 1135, 41 L.R.A.,N.S., 60, Ann.Cas.1913C, 376; Exchange Bank v. Illinois Life Ins. Co., 187 Iowa 253, 174 N.W. 260. The Roehm and Brady cases, by quotations, approved the holding of an English case to the effect that "when a party announces his intention not to fulfil the contract, the other side may take him at his word and rescind the contract. That word 'rescind' implies that both parties have agreed that the contract shall be at an end, as if it had never been. But I am inclined to think that the party may also say: 'Since you have announced that you will not go on with the contract, I will consent that it shall be at an end from this time; [meaning, of course, for purposes of further performance], but I will hold you liable for the damage that I have sustained.'" [178 U.S. 1, 20 S. Ct. 783, 44 L.Ed. 953.] See, also, J. I. Case Threshing Machine Co. v. Street et al.,

Tex.Civ.App., 216 S.W. 426. Of course, the insurance company could not, by any act of its own, rescind the contract of insurance. Without an acceptance of the repudiation or agreement of the insured, the policy continues in force regardless of its repudiation by the company, as long as the insured continues to perform his obligations under it. If appellee in this case had continued until his death to pay, or tender, the premiums as they became due under the terms of the policy, the beneficiary, no doubt, could then maintain in Wheeler County a suit for its enforcement, because section 28 of article 1995 plainly so provides. Her suit would unquestionably be "a suit on the policy". The case as made by appellee's pleading, however, can not be "a suit on the policy" for the simple reason that, by his act in accepting the repudiation, the policy was thereby rescinded, and thereafter had no legal existence. In view of this the courts of this and other States have quite correctly held, as stated above, that where the repudiation has been accepted by the insured and suit is instituted by him to recover damages, whether they consist of the premiums theretofore paid or the value of the policy at the time of its repudiation, it is not a suit on the policy as contemplated by section 28 of article 1995. We are of the opinion therefore that appellee's suit is not controlled by section 28 of the venue statute, and appellant's first contention, as stated by us, will be sustained.

Appellant's next contention is that the pleading and proof do not reveal that the cause of action, or any part thereof, arose in Wheeler County, and the case is therefore not controlled by the exception contained in section 27 of article 1995. A cause of action consists of the facts which entitle one to institute and maintain a suit in court. Its elements are the invasion of a legal right of the plaintiff without justification or excuse, or the commission or threatened commission of a legal wrong, and the damages resulting therefrom. Phœnix Lumber Co. et al. v. Houston Water Co., 94 Tex. 456, 462, 61 S.W. 707. Section 27 of the venue statute provides that foreign corporations, not incorporated by the laws of this State, but doing business here, may be sued in the county where the cause of action or a part thereof accrued, or in any county where it may have an agency or representative, or in the county in which its principal office may be situated.

There is no contention that appellant maintains an office or agent in Wheeler County, and the only ground upon which appellee seeks to maintain venue there under section 27 is his contention that the cause of action or a part thereof arose in Wheeler County. The facts upon which appellee seeks to maintain the suit are that appellant repudiated the policy by refusing to accept his remittance of the premium which he contends could not be increased as the company sought to do by a resolution of its board of directors. He contends that the wrongful act of appellant in declining to accept his remittance and in canceling the policy for nonpayment of the premium resulted in his damage in a sum equal to the value of the policy at the time it was canceled. In other words, appellee accepted and consented to the act of appellant in canceling the policy, and thereby repudiating its contract, but, as stated by the English Judge, from whom the Supreme Court of the United States and the Supreme Court of Tennessee quoted, he seeks to hold appellant liable for the damages which he alleges he has sustained by reason thereof. His cause of action therefore consists of the alleged wrongful act of appellant in canceling the policy which, according to the allegations, constituted an anticipatory breach of the contract. Wester et al. v. Casein Co. of America, 206 N.Y. 506, 100 N.E. 488, Ann.Cas.1914B, 377. That act was committed at Des Moines, Iowa. There is nothing in the record which remotely indicates that any part of it was performed in Wheeler County. When appellee's remittance reached the office of appellant at Des Moines, for reasons which it deemed justifiable, appellant, in its office there, rejected the remittance and thereby repudiated the contract, assuming appellee's interpretation of it to be correct. It is true that appellant wrote appellee's attorney a letter in which it stated that the remittance was not sufficient and had, therefore, been declined, and the letter was delivered in Wheeler County, but the letter can not be said to be the act by which the contract was repudiated. It only served to inform appellee of what had already been done. Nor could the acts that were performed by appellant's agent in delivering the policy to appellee when it was issued govern the venue of the case because, as we have already said, the suit is not on the policy, but is upon a claim for damages, the basis of which is entirely independent of it. In

924

our opinion, therefore, no part of the cause of action accrued to appellee in Wheeler County and he does not have the right to maintain it in that county under section 27 of article 1995, R.C.S. There being no other exception to exclusive venue under which he could maintain the suit in Wheeler County, the plea of privilege presented by appellant should have been sustained.

Because of the errors we have discussed, the judgment of the court below will have to be reversed and judgment will be here rendered directing the clerk below to transfer the cause of action to one of the district courts of Dallas County, in accordance with the prayer of appellant's plea of privilege.