PETROLEOS MEXICANOS, Relator,

v.

The Honorable Sam M. PAXSON, District Judge of the 210th Judicial District Court, of El Paso, Texas, Respondent.

No. 08–90–00039–CV.

Court of Appeals of Texas, El Paso.

March 7, 1990.

Mark Maney, Bracewell & Patterson, Houston, Gary B. Weiser, Lipson, Dallas & Weiser, P.C., Myer J. Lipson, Lipson & Dallas, Richard P. Mesa, El Paso, for relator.

Sam Paxson, El Paso, pro se.

Doris Sipes, El Paso, for respondent.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

OPINION

WOODARD, Justice.

This is a petition for writ of mandamus directing the trial court to quash a subpoena duces tecum served on the Relator.

According to the brief of the Respondent, a gas explosion in Mexico City somehow caused a dispute between Pemex (Petroleos Mexicanos) and Mr. Zaragosa. The real party in interest, Mr. Madrid, acted on behalf of Mr. Zaragosa pursuant to a verbal contract. Mr. Madrid now sues Mr. Zaragosa for quantum meruit, unlawful discharge and the intentional infliction of emotional distress. Mr. Madrid alleges that the contract between himself and Mr. Zaragosa was entered into in El Paso, Texas. Further, the contract was terminated here. Mr. Madrid negotiated with Pemex on behalf of Mr. Zaragosa in Houston, Midland, Odessa and El Paso, Texas and in Mexico City.

Pemex was noticed for deposition in Houston, Texas, but filed a Motion for a Protective Order.

Pemex is an agency or instrumentality of the Mexican Government. *United States v. Crawford Enterprises, Inc.*, 643 F.Supp. 370 (S.D.Tex.1986). The immunity of a state from the jurisdiction of the courts of another state is a principle of customary international law. A state is not immune from the jurisdiction of the courts of another state with respect to claims arising out of commercial activity. Restatement (Third) of Foreign Relations Law of the United States, secs. 451 and 453 (1987). These principles are known as the Restrictive Theory of Sovereign Immunity, and they have been codified by the Foreign Sovereign Immunities Act, 28 U.S.C.A., secs. 1602–1611 (West Supp.1989). *Zernicek v. Petroleos Mexicanos, (PEMEX)*, 614 F.Supp. 407 (S.D. Tex.1985).

The unprecedented component of this case is that the foreign sovereign is not a

party to the suit in question, but is merely an accessory to the subject matters in dispute.

Section 1605(a)(2) states that a foreign state shall not be immune from jurisdiction of our courts in any case in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

The jurisdictional scope of this subsection has been interpreted several ways, but Pemex's commercial activity carried on in Texas alone is not enough. In *Sugarman v. Aeromexico, Inc.*, 626 F.2d 270 (3rd Cir. 1980), it was held that there must be a "nexus" between the commercial activity of the foreign sovereign and the party's grievance in interpreting the first clause of Section 1605(a)(2). A "nexus" was required in interpreting the second clause in *Vencedora Oceanica Navigacion, S.A. v. Compagnie Nationale, Algerienne De Navigation (C.N.A.N.)*, 730 F.2d 195 (5th Cir.1984). In *Gibbons v. Udaras na Gaeltachta*, 549 F.Supp. 1094, 1109 (S.D.N.Y. 1982), it was held that the plaintiff must show a direct causal connection between the foreign entity's commercial activity in the United States and the acts giving rise to his claims, or show that the commercial activity is an element of the cause of action under whatever law governs his claims, and that this test applies to all three of the clauses.

In the case at hand, the cause of action is between Mr. Madrid and Mr. Zaragosa. There is not a direct causal connection between Pemex's commercial activity in the United States and the acts giving rise to Mr. Madrid's claims. Pemex's only possible connecting act is the explosion, and there is no nexus or direct causal connection between the commercial activity here or elsewhere by Pemex and that explosion. There is only an indirect connection of possible incidental and perhaps cumulative proof to the plaintiff's cause of action. The negotiation of a possible settlement with Pemex agents in this state is an insufficient link to necessarily unite and combine the basic elements of the statute. No contract was made with Pemex. There is allegation that based upon representation by Mr. Zaragosa, Pemex obtained an "amparo" and instructed Mr. Madrid not to come back to Mexico for his own safety. This is also an incidental, indirect and insufficient link.

The elements of a cause of action are the invasion of a legal right without justification or excuse, or the commission or threatened commission of a legal wrong and the damages resulting therefrom. *National Life Co. v. Harvey*, 159 S.W.2d 920 (Tex. Civ.App.—Amarillo 1942, no writ). The explosion and its subsequent negotiations may be incidents of proof to the elements of a cause of action, but they are not elements to the causes of action alleged by Mr. Madrid against Mr. Zaragosa.

Respondent urges that the statute granting U.S. District Courts jurisdiction over foreign states, 28 U.S.C.A. 1330(b) (West Supp.1989), indicates Congress' intent to give the courts jurisdiction to order discovery from a non-party. Section (a) extends jurisdiction over any nonjury, in personam civil action against a foreign state which is not entitled to immunity under sections 1605–1607 or any applicable international agreement. Section (b) provides that personal jurisdiction over a foreign state shall exist as to every claim for relief which the district courts have jurisdiction under subsection (a) where service has been made under section 1608. "Every claim for relief" then is subject to the court having jurisdiction. Again, since sovereign immunity is the rule, if an exception is not shown, the court would not have jurisdiction to grant "every claim for relief," and this could not be logical inference of congressional intent to the contrary. Further, the statute specifically speaks to a civil action against a foreign state, or in that instance where the foreign state is an actual party.

The Restatement (Third) of Foreign Relations Law of the United States, sec. 451, states that discovery from a foreign state that is not a party to a proceeding has apparently not been attempted in international practice and is not provided for in either the FSIA or the corresponding laws of other states. Since sovereign immunity is the rule, and amenability to judicial process an exception to that rule, such discovery would seem to be precluded.

The order requiring discovery not being within the authority of the trial court, mandamus will lie to set aside the order. *Houdaille Industries, Inc. v. Cunningham,* 502 S.W.2d 544 (Tex.1973). Our writ will issue only upon the trial judge's failure to comply with the holding of this opinion.