**COLLINS et al. v. INDUSTRIAL SAVINGS SOCIETY.**

No. 9149—Opinion Filed May 25, 1920.

Rehearing Denied June 29, 1920.

(Syllabus by the Court.)

**Jury—Right to Jury Trial—Mortgage Foreclosure.**

Under section 4993, Rev. Laws 1910, in a foreclosure proceeding where a personal judgment for money is sought by plaintiff against defendant, the defendant is entitled to a jury trial, unless a jury is waived or a reference ordered.

Error from District Court, Canadian County; Edward Dewes Oldfield, Judge.

Action by the Industrial Savings Society against Estella Collins and George E. Collins and others for recovery of money and foreclosure of mortgage. Judgment for plaintiff, and the defendants named bring error. Reversed and remanded.

W. M. Wallace, for plaintiffs in error.

Fogg & Bennett, for defendant in error.

BAILEY, J. On the 25th day of July, 1916, suit was commenced in the district court of Canadian county by the Industrial Savings Society, as plaintiff, against Estella Collins, George E. Collins, El Reno State Bank, El Reno Mill & Elevator Company, and Ella K. Holt, as defendants.

The material allegations of plaintiff's petition are that on or about the 27th day of May, 1911, the defendant Estella Collins purchased of plaintiff 20 shares of its "Class D" capital stock, of the matured value of $50 per share; that thereafter the said Estella Collins and her husband, George E. Collins, borrowed from said plaintiff the sum of $1,000, and said defendants Estella Collins and George E. Collins executed and delivered to plaintiff a certain bond conditioned that the said defendants would do and perform all things required of them to be done under the terms and conditions of said bond, and that such defendants would make payments required under the terms of said bond until the shares of stock matured or reached the par value of $50 per share, or until the said Estella Collins had made 94 monthly payments in the sum of $15.30 each. To secure the payment of said sums and as a part of the same transaction, the said Estella Collins and George E. Collins executed their certain mortgage dated June 1, 1911, mortgaging to the said Industrial Savings Society certain real estate located in the city of El Reno.

It is further alleged that the defendants Estella Collins and George E. Collins had defaulted in the payment provided for in said bond, and that the entire sum to be paid, under the terms and conditions of said bond, was due. It is alleged that said Industrial Savings Society had paid the sum of $18 for insurance upon the property mortgaged by said defendants, Estella Collins and George E. Collins, and that the said defendant in error was entitled to recover of said plaintiffs in error the sum of $651.48, together with the sum of $65.14 as attorney's fees. The El Reno State Bank, El Reno Mill & Elevator Company, and Ella K. Holt are alleged to claim some right, title, and interest in and to the property mortgaged to the said Industrial Savings Society and judgment is prayed against plaintiffs in error in the amount and sums above alleged, and for judgment against the defendants El Reno State Bank, El Reno Mill & Elevator Company, and Ella K. Holt, adjudging that the claims of the said El Reno State Bank, El Reno Mill & Elevator Company, and Ella K. Holt are subordinate and inferior to the rights, claims, and interest of said defendant in error. The El Reno State Bank, El Reno Mill & Elevator Company, and Ella K. Holt, the defendants, answering, alleged certain rights, title, and interest in and to the land and premises upon which foreclosure was sought to be had, but admitted that such interest was inferior to the claims of said Industrial Savings Society. The defendants Estella Collins and George E. Collins answered, and, after a general denial, admitted the execution of the bond and mortgage sued on, but alleged that the said Industrial Savings Society was a building and loan association, and that at the time said loan was had and secured said society did not comply with the laws of the state of Oklahoma relative to competitive bidding, and that at the time such loan was made the agent of said Industrial Savings Society required, received, and collected an additional sum as commission for making and securing said loan, and that such loan was illegal and usurious. The borrowing defendants further alleged that they had made 50 monthly payments, of the total sum of $765, together with a further sum of $17.45, wrongfully charged and received by defendant in error at the time said loan was made, and by cross-petition, defendants Estella Collins and George E. Collins charged defendant in error with unlawfully and willfully taking, receiving, reserving, and charging interest in excess of that allowed by law, and prayed judgment against said defendant in error in the sum of $830, together with attorneys' fees thereon.

At the trial of the cause, after the introduction of the evidence submitted, the court discharged the jury and rendered judgment against the defendants Estella Collins and

George E. Collins, and also rendered judgment in favor of the El Reno State Bank, El Reno Mill & Elevator Company, and Ella K. Holt as against the said Estella Collins and George E. Collins. To the rendition of judgment in favor of the El Reno State Bank, El Reno Mill & Elevator Company, and Ella K. Holt against the said Estella Collins and George E. Collins no exceptions were taken or reserved, and no appeal has been prosecuted to this court from such judgment of the trial court; the appeal here being only from the judgment of the court as it relates to and affects the judgment rendered on behalf of the Industrial Savings Society and against plaintiffs in error Estella Collins and George E. Collins.

Under our view of this case, the only assignment of error necessary to be considered is plaintiffs in error's fourth assignment, which is as follows:

"The court erred in discharging the jury and refusing to submit the issues to the consideration of the jury."

As set forth in the statement of facts, defendant in error prayed in its petition for judgment against plaintiffs in error in the sum of $651.48, and for attorney's fees, and for certain sums paid for insurance, together with a foreclosure of the mortgage sued on. In their answer plaintiffs in error, after a general denial, admitted a balance due to the defendant in error on the bond in the sum of $219.55, and by way of cross-petition, sought to recover of defendant in error usurious interest alleged to amount to the sum of $830, together with attorneys' fees.

As noted above, the jury was duly and regularly impaneled, but after the introduction of evidence in the case the court discharged the jury from the further consideration of the case, and proceeded to render judgment in favor of the defendant in error and against the plaintiffs in error in the principal sum of $618.09, and judgment foreclosing the mortgage held by defendant in error, and directing the sale of the property in the manner prescribed by law. This, then, was an action instituted by the defendant in error for the recovery of money and for the foreclosure of its mortgage. The pleadings in the case are sufficient to admit of the rendition of a personal judgment against plaintiffs in error. Foose v. Sprague, 13 Kan. 155; Lichty v. McMartin, 11 Kan. 565; Jones on Mortgages, vol. 2 (7th Ed., par. 1336). And the judgment rendered is a personal judgment for the debt. Section 4993, Rev. Laws 1910, is as follows:

"Issues of law must be tried to the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

This section of the statute has been repeatedly construed by this court. In Mass v. Dunmyer, 21 Okla. 434, 96 Pac. 591, this court, after referring to the Kansas cases construing this identical statute, says:

"The effect of the rule established in all of those cases is that, in a foreclosure proceeding where personal judgment for money is sought by plaintiff against defendant, the defendant is entitled to a jury trial, and that the equitable action of foreclosure is in such case converted into a legal action."

And in the case of McCoy v. McCoy, 30 Okla. 379, 121 Pac. 176, the court, in considering the statute above quoted, and speaking through Harrison, C., says:

"These statutes, viewed in the light of the authorities above cited, are susceptible of but one logical construction, viz.: that all issues of fact, arising in actions for the recovery of money or for the recovery of specific real or personal property, shall be tried by a jury unless a jury is waived or a reference ordered. They are mandatory both in meaning and language, and to refuse a jury in such cases would constitute reversible error."

The cases above cited have been followed and approved by numerous cases from this court. See, also, Brewer v. Martin, 40 Okla. 350, 138 Pac. 166; Avery v. Hays, 61 Okla. 145, 160 Pac. 712. And it may be observed that we are not concerned here with cases where the pleadings admit or the evidence establishes the right to recover the amount claimed to be due, and nothing is left in controversy but the right to foreclose the mortgage and to subject the property mortgaged to the payment of the amount admitted to be due; and likewise we may suggest that the answer or cross-petition did not present equitable issues for determination.

Plaintiffs in error having demanded a jury and properly saved their exceptions to the action of the trial court in excusing and discharging the jury, and having the right, under the authorities cited, to have the issues properly submitted to the jury, this court is of the opinion that the trial court committed reversible error, and the cause is therefore reversed and remanded for a new trial.

RAINEY, C. J., and HARRISON. McNEILL, JOHNSON and RAMSEY. JJ., concur.