## FAST MOTOR CO. v. MORGAN et al.

No. 22926.   Oct. 15, 1935.

Rehearing Denied Dec. 10, 1935.

270

Leahy & Brewster, for plaintiff in error.

C. A. Summers, for defendants in error.

PHELPS, J. Plaintiff sued defendants on a promissory note. The judgment was for defendants, and the plaintiff appeals, contending that the verdict is unsupported by the evidence and that the judgment is contrary to law. The defendants prevailed below upon the defense of accord and satisfaction.

Plaintiff sold defendants a truck and took their notes and mortgage thereon as security for payment of the purchase price. Defendants paid a part of the purchase price and defaulted. After continuing some time in default they told plaintiff that they could pay no more, and plaintiff told them to put the truck in a garage and that plaintiff would sell it and apply the proceeds to the reduction of defendants' indebtedness. The defendants did so, but plaintiff did not obtain possession of the truck. Subsequently defendants found a buyer for the truck, and one of them telephoned plaintiff's manager, informing him of the fact, and it was agreed between them and the manager that the buyer, Starks, would execute his note and chattel mortgage, covering the truck, payable to plaintiff, in the sum still due from the defendants to plaintiff, and assume possession. Plaintiff's place of business was in another town than the defendants' residence, and the foregoing telephone conversation was by long distance. Plaintiff sent the note and mortgage to defendants, for Starks' signature, the defendants had Starks sign the instruments, and they witnessed the mortgage, and returned the papers to plaintiff. Starks took possession of the truck, defaulted in payments, and was one of the three defendants against whom a money judgment was obtained by plaintiff in a justice court. Starks never appealed, the two other defendants appealed to district court, where they prevailed in this action.

Plaintiff's manager testified that in the telephone conversation he informed defendants that they were not being released from their obligation, but that when Starks should make his payments on the note, plaintiff would credit defendants in those amounts on defendants' notes, and that Starks' note was being accepted only as collateral for the notes of defendants. The defendant who had talked over the telephone testified that nothing was said in that conversation concerning the notes.

The plaintiff is appealing, under the contention that the evidence does not sustain a finding of accord and satisfaction. It is the duty of this court to examine the record to determine whether there is any evidence in support of accord and satisfaction.

In the search for such evidence we have carefully read the record, and have been unable to find any evidence supporting the verdict and judgment. It appears that defendants depend on the bare fact of the new note and mortgage from Starks to plaintiff, followed by the assumption of possession by Starks, with plaintiff's consent, as relieving them from further liability on their notes. They do not contend that there was an express agreement that this should constitute an accord and satisfaction. They deny that there was any conversation at all concerning the subject.

An agreement by a chattel mortgagor to deliver the mortgaged chattel in full payment of the mortgage debt, followed by delivery and acceptance thereof on those terms, works an extinguishment of the remainder of the unpaid purchase price. If defendants had delivered the truck to plaintiff, and plaintiff had accepted it and retained it without foreclosing its chattel mortgage by proper sale, they would, according to some authorities (see note, 47 A. L. R. 582), be in position to urge that the conduct of the parties, even in the absence of an express agreement to that effect, evi-

denced an implied agreement and execution of an accord and satisfaction. But we have no such situation here. There is no evidence in the record that defendants reconveyed title to plaintiff, or for that matter, that they conveyed title to Starks. They delivered their State Highway Department certificate of title to him. In fact, the record is not clear on the question of just how or from whom Starks did obtain title. If he obtained it from defendants, the only effect it could have would be to extinguish the original mortgage lien, without affecting the mortgagee's right to a personal judgment against defendants, at least as sureties, unless the mortgagee had thereafter granted Starks an extension of time in which to pay his mortgage, without notice to defendants.

The defendants' evidence, at its strongest, is this: That pursuant to the plaintiff's instructions they placed the truck in a garage in their own home town for the plaintiff to retake, but that plaintiff did not come and get it; that several days later Starks came to them and wanted to buy the truck and they arranged the deal with plaintiff whereby Starks assumed possession and gave plaintiff his note and mortgage, with defendants as witnesses thereto. That is the sum total of their evidence concerning accord and satisfaction. At no place in defendants' testimony did they deny the testimony of Mr. Fast, Jr., agent of plaintiff, that a few days prior to the Starks transaction, when he told them to place the car in the garage, he also told them that "we would get it and bring it in and put it up and sell it and if it brought the amount they owed on it we would give them credit for it, and if it didn't they would owe the balance." Their obtaining a purchaser within a few days thereafter, under the facts of the case, is far more consistent with the absence than with the presence of an accord and satisfaction: it had in it the expectancy of a reduction of their indebtedness. They admit that the placing of the truck in the garage was a peaceable surrender thereof, under the chattel mortgage, yet contend that when they found a purchaser who was willing to take over the indebtedness, three days later, and who did assume the indebtedness by and through the activities of defendants themselves, before a reasonable time had elapsed for the foreclosure of the mortgage, that this forced upon the plaintiff a release of their own liability. We fail to follow the reasoning that this evidenced a meeting of the minds of the parties, so necessary to a valid accord and satisfaction.

In order to support a plea of accord and satisfaction, it must clearly appear from the evidence that there was in fact and in reality a meeting of the minds in accord and satisfaction. The conclusion of accord and satisfaction should not be supported by mythical or theoretical reasoning. An accord and satisfaction is the result of an agreement between the parties, and, like all other agreements, must be consummated by a meeting of the minds of the parties. If the creditor is to be held to abate his claim against the debtor, it must be shown that he understood or, should have understood that he was doing so when he received the consideration claimed therefor. 1 R. C. L. 183.

Accord and satisfaction is an affirmative defense and must be satisfactorily proven by the party asserting it. We hold that the evidence is insufficient to sustain a finding that such accord and satisfaction existed in this case.

The defendants contend that when plaintiff "sold" the truck to Starks, plaintiff became guilty of conversion, which extinguished defendants' debt. The evidence reveals that plaintiff gave its consent to only those acts which were suggested by defendants and that the defendants themselves supervised the entire transaction.

The judgment is reversed and the cause remanded for a new trial.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.