## BUZZARD et ux. v. DALLAS JOINT STOCK LAND BANK.

No. 26052. Dec. 1, 1936.

Harry O. Glasser, for plaintiffs in error.

Ridings & Drennan, for defendant in error.

CORN, J. Dallas Joint Stock Land Bank of Dallas, a corporation, defendant in error, plaintiff below, brought action in the district court of Grant county against F. B. Buzzard and A. L. Buzzard, plaintiffs in error, defendants in the lower court, to foreclose a real estate mortgage on 639 acres of land located in said county. The parties will be referred to as they appeared in the trial court.

Originally, this land was the property of Granville Y. Posey, and on January 1, 1927, Posey and his wife executed a note to the said Dallas Joint Stock Land Bank for the principal sum of $32,000, which note was secured by a first mortgage executed on the same date and covering all of the above-described land.

Thereafter, on the 12th day of January, 1927, the said Granville Y. Posey and his wife executed a note for the sum of $6,360 to said F. B. Buzzard, which was secured by a second mortgage on said tract of land. This mortgage contained the following provision after the description of the property: "Subject to a mortgage of $32,000 to Dallas Joint Stock Land Bank."

On the 11th day of May, 1931, the second mortgage of the said F. B. Buzzard being in default, a petition was filed in the district court of Grant county to foreclose the same.

On the 12th day of September, 1931, after due service had been had on the defendant in said action, a judgment and decree was duly rendered therein foreclosing said second mortgage, subject to the said first mortgage. In this case judgment was rendered in favor of the plaintiff for $9,527.34, which comprised the following items, to wit: $5,445.80 principal and interest on said loan, and $4,081.54, which last stated amount as set out in the journal entry was itemized as follows:

"April 25, 1931, to Dallas Joint
    Stock Bank, payment due Jan.
    1, 1931 _____ $1,120.00
"Interest on past due maturity _    29.36
"1929 tax on N. E. 30-26-8 paid

| | |
|---|---|
| by Dallas Joint Stock Land Bank | 97.73 |
| "1929 tax on S. E. of 30-26-8, paid by Dallas Joint Stock Land Bank | 109.11 |
| "1929 tax on S. W. 30-26-8, paid by Dallas Joint Stock Land Bank | 102.28 |
| "1929 tax on N. E. 2-25-8, paid by Dallas Joint Stock Land Bank | 221.29 |
| "Interest on above taxes | 20.62 |
| "May 4, 1931, to Dallas Joint Stock Land Bank, 1927 tax | 349.00 |
| "May 4, 1931, to Dallas Joint Stock Land Bank, 1927 tax | 331.57 |
| "Interest on same | 1.84 |
| "1927 tax on E½ 30-26-8 and N. E. 2-25-8 paid by Dallas Joint Stock Land Bank, April 25, 1931, paid County Treasurer, Medford, Okla., the G. Y. Posey 1930 tax on the N. E. 2-25-8; N. E. 30-26-8; S. E. 30-26-8; and S. W. 30-26-8 | 528.74 |
| "July 1, 1931, to Dallas Joint Stock Land Bank, payment | 1,120.00 |
| "Court costs, paid to court clerk | 50.00 |

"$4,081.54."

This action, now under consideration, was brought to foreclose the first mortgage on said land. The petition was filed on the 23rd day of January, 1933. On the 17th day of July, 1933, the defendants, F. B. Buzzard and wife, A. L. Buzzard, the other plaintiff in error herein, filed their answer and cross-petition in said action. In this answer the defendants set up a claim and asked judgment for the sum of $5,151.54, which is itemized.

The itemization is identically the same as the one set out in the judgment rendered in the foreclosure on the second mortgage, except the item paid December 28, 1931, of the maturity due January 1, 1932, and the sum of $50 court costs paid to the court clerk. Deducting the said item of $1,120 and adding thereto the $50 court costs set up in the case brought by Buzzard makes the amounts correspond exactly. In the foreclosure had on the second mortgage this land was sold at sheriff's sale on the 17th day of May, 1932, for the sum of $8,000 subject to the first mortgage. This sale was confirmed and sheriff's deed issued therefor on the 18th day of July, 1932. The land was purchased and the deed was issued to the plaintiff, F. B. Buzzard.

In the assignment to F. B. Buzzard of the maturity due on said first mortgage on Jan-

uary 1, 1931, which is included in said cross-petition, is contained the following statement:

"Now, therefore, in consideration of the amount due thereon, to be applied as recited, the Dallas Joint Stock Land Bank of Dallas, hereby sells, transfers and assigns unto the said F. B. Buzzard said item of $1,120 and the interest thereon, together with the mortgage lien securing the payment of same, but it is distinctly understood and agreed that the lien securing the payment of the balance of said note for $32,000, and the interest thereon, is prior and superior to the item herein transferred and the lien securing the payment of same."

In the assignment made to F. B. Buzzard for the maturity due July 1, 1931, which is set up in said cross-petition, is contained the following provision:

"And it is distinctly understood and agreed that the item herein transferred shall also be subordinate to any and all payments of tax and insurance and payments made the Dallas Joint Stock Land Bank to protect the security according to the terms and conditions of said mortgage.

"In the event of foreclosure of said mortgage above described the holder of the item herein transferred shall not receive anything from the sale of the security described in the said mortgage until the balance on said note for $32,000 has been satisfied, together with the interest, attorney's fees and all other claims and charges secured by said mortgage are fully paid."

In a letter dated April 25, 1931, dealing with the purchase of these items set out in the answer and cross-petition, from F. B. Buzzard to the Dallas Joint Stock Land Bank, is contained the following statements:

"Just got back from Oklahoma too late to get a draft, so I am sending you my personal check for $1,700.39. Do not worry about this check as it is all O. K. This is to pay the G. Y. Posey interest due January 1, 1931, of $1,120 interest to April 28, 1931, $29.36 taxes Nov. 3, 1930, $530.41 interest on same $20.62 to April 28, 1931. Please assign interest and payment coupon to me, subject to the first loan, as per your letter of April 16th. * * *"

In the letter which was written to the Dallas Joint Stock Land Bank to Posey preceding the payment of the $1,700.39, and which gave directions for such payment, we find the following:

"Fourth. If you will pay up the delinquency in this matter, we will give you an assignment of the maturity, and if you prefer to handle it in this manner our loan, of

course, would still remain in force. The lien represented by the assignment which we would give you would be inferior to our lien. To place this loan in good standing, in addition to payment of the delinquent maturity, it will be necessary that the taxes also be taken care of. Our tax auditor advises us that tax certificates have been purchased by the bank, and that in order to redeem same it will be necessary that we receive remittance for $530.41 plus 8% from November 3, 1930."

In the judgment rendered in favor of F. B. Buzzard, in the suit to foreclose his mortgage, is an item for taxes paid in the sum of $528.74. In the tax receipt given for the payment of this $528.74 the receipt shows that this payment was made on April 2, 1931, and the tax receipt recites that this money was received of G. Y. Posey of Coldwater township, by F. B. Buzzard. This receipt affirmatively shows that this was a voluntary payment of G. Y. Posey.

A jury was waived and the cause tried to the court. The case has been treated as a law action by all parties concerned, and will be so treated by this court.

In the taking of the testimony in reference to these matters the following proceedings were had:

"The Court: There is just one that is not involved in the foreclosure? Mr. Glasser: Yes, sir, that is the one of December, 1931, represented by Exhibits 'Q' and 'R.' The Court: My opinion is that, as to the items aggregating $4,031.54, occurring prior to December, 1931, the defendant Buzzard has waived any question of a co-equal lien with the Dallas Joint Stock Land Bank, for the reason that he asserted those items as against the land when he sold it subject to the lien of the Joint Stock Land Bank. In connection with the payment of $1,120 exhibited in plaintiff's exhibits 'Q' and 'R', the letter of remittance discloses the following language: 'Please sign the receipt for this payment over to me.' * * * The Court: It is the judgment and opinion of the court that Mr. Buzzard is entitled to a lien upon this property in the sum of $1,120, co-equal to that of the plaintiff, that being the amount of the payment which he made in December, 1931. And judgment will be rendered for the plaintiff for the amount prayed for in its petition."

Each party objected and took exceptions to the judgment rendered by the court, and each filed a motion for a new trial, but plaintiff has failed to perfect its cross-appeal, therefore, the matter of whether the judgment of the trial court in behalf of the defendant is correct is not properly before us for determination.

The defendants state in their brief:

"There are but two questions in the case: (a) Whether Buzzard was entitled to be subrogated in the amount of $4,081.54 (Tr. of Rec. p. 182-183) for interest payments made to the Dallas Joint Stock Land Bank for interest on Posey's first mortgage obligation, together with taxes paid upon said lands; and (b) whether a payment of $1,120 interest represented by plaintiff's exhibits 'Q' and 'R' (Tr. of Rec. p. 242) for interest paid by Buzzard to the Dallas Joint Stock Land Bank on January 1, 1932, should be a prior lien in favor of Buzzard, or should be prorated with the claim of the Dallas Joint Stock Land Bank."

The cases are too numerous to mention wherein this court has held: Where a jury is waived and the cause tried to the court, the judgment of the court must be given the same force and effect as the verdict of a properly instructed jury, and if there be any competent evidence reasonably tending to support the judgment of the trial court, the same will not be disturbed on appeal.

We find ample evidence to support the judgment of the trial court for the plaintiff. Judgment affirmed.

McNEILL, C. J., and WELCH, PHELPS, and GIBSON, JJ., concur. OSBORN, V. C. J., and RILEY, BAYLESS, and BUSBY, JJ., absent.