BARRINGTON v. HEMBREE.

No. 31183. Nov. 16, 1943.

Rehearing Denied Dec. 7, 1943.

*143 P. 2d 614.*

A. C. Kidd, of Wewoka, for plaintiff in error.

J. L. Emerick, of Stillwater, and A. A. Criswell, of Wewoka, for defendant in error.

HURST, J. On January 8, 1940, plaintiff, Annie Hembree, commenced this action to recover judgment upon a promissory note and foreclose a real estate mortgage securing the same. She alleged that on May 5, 1928, defendant, Effie Barrington, and her then husband, J. P. Shepherd, executed and delivered the note and mortgage in question to George Barker; that thereafter Barker died and the note and mortgage descended to plaintiff as his sole heir; that various payments had been made upon the note, the last two of which were $50 on June 10, 1933, and $1 on October 29, 1938; and that there remained due and unpaid thereon at the time of filing suit

the sum of $2,909. She prayed for judgment for this amount together with attorney's fees and costs, and for foreclosure of the mortgage. Defendant, by answer, admitted the execution of the note and mortgage, denied that any payments had been made thereon for more than eight years, and pleaded that plaintiff's action was barred by the statute of limitations.

At the trial, which was to the court, a jury having been waived, the decisive issue was whether the alleged $1 payment of October 29, 1938, had in fact been made. If so, plaintiff was entitled to recover; if not, the action was barred by the statute of limitations. The evidence upon this issue was in sharp conflict. It appeared that George Barker, plaintiff's former husband, was a brother of defendant, and that the two women, prior to the instant suit, had always been good friends. Plaintiff testified that Mrs. Barker, defendant's mother, had died a day or two prior to October 29, 1938, and that on that date she and defendant were both at the Barker home; that while there they had a conversation in regard to the note in which defendant stated that she wanted plaintiff to have the money due on the note and that she desired to keep the obligation in "good standing"; that defendant paid plaintiff $1 to apply upon the interest; and that her husband, Mr. Hembree, indorsed the payment of the note.

Defendant, testifying in her own behalf, denied that she had made the payment on the note, but stated that on October 29, 1938, she had given plaintiff $1 to reimburse her for money expended in purchasing a scarf to be placed around the head of Mrs. Barker. Two brothers as well as a brother-in-law of defendant testified that they had engaged in conversations with plaintiff during 1938 and 1939 in which she admitted that the note was barred by the statute of limitations. Defendant's sister-in-law testified that in 1940 or 1941 plaintiff had stated to her that she had applied the scarf money on the note, and two other witnesses testified that they were present when defendant paid, or offered to pay, plaintiff the $1 for the scarf. Defendant also introduced two letters which she had received from attorneys formerly representing plaintiff in the matter of collecting the note. In one of these letters it was stated that the last payment was in the sum of $50 and had been made on October 15, 1938, and in the other that the statute of limitations had not run because of defendant's absence from the state.

Plaintiff, in rebuttal, testified that the payment on the note and the transaction in regard to the scarf were entirely separate and distinct. She had previously testified on cross-examination that she did not employ or talk to the attorney who wrote the first of the above letters, but that her husband must have done so.

At the conclusion of the above testimony the court rendered judgment for plaintiff, and defendant appeals.

Defendant contends that the judgment is against the manifest weight of the evidence, is not supported by creditable testimony, and should be reversed. We do not agree. A suit to recover a personal judgment upon a promissory note, and to foreclose a mortgage securing the same, is not an action of equitable cognizance, but one for the recovery of money. Brewer v. Martin, 40 Okla. 350, 138 P. 166; Maas v. Dunmyer, 21 Okla. 434, 96 P. 591. In such cases the parties are entitled to a jury trial, as a matter of right, upon every issue of fact arising therein in connection with the recovery of a money judgment. 12 O. S. 1941 § 556. And the question of whether an action is barred by the statute of limitations in any particular case is one of fact where the facts are in dispute. American Ins. Union v. Jones, 135 Okla. 101, 274 P. 478. In this case the parties waived a jury and tried the case to the court, but since the case was one of legal rather than equitable cognizance, the findings of the trial court must be given the same weight and consideration as the verdict of a jury. Gorman v. Wilson, 186 Okla. 435, 98 P. 2d 600; Atlantic Refining Co. v. Fulsom, 185 Okla. 357, 91 P. 2d 758.

In such case this court will not weigh conflicting evidence to determine where the preponderance lies (Miller v. Picou, 172 Okla. 456, 45 P. 2d 478), but will examine the record only to determine whether there is competent evidence reasonably tending to support the judgment. Sabin v. Midland Savings & Loan Co., 178 Okla. 52, 61 P. 2d 1091; Buzzard v. Dallas Joint Stock Land Bank, 178 Okla. 271, 62 P. 2d 1007.

In this case we think there was such evidence. Plaintiff testified that defendant, at the time of making the $1 payment, stated that she wanted plaintiff to have the money due on the note and desired to keep the obligation in good standing. The relationship then existing between the two women lends credence to her testimony, for such conduct is that which we might naturally expect between friends. It is true that there was rather strong testimony that plaintiff had previously made statements which were contradictory to her testimony at the trial, but the parties who gave this evidence were nearly all closely related to defendant, and it was for the trial court to pass upon their credibility. It resolved the conflict in favor of plaintiff, and under the above authorities we may not disturb its findings on appeal.

The judgment is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. ARNOLD, J., absent.