FRAME et al. v. STATE ex rel. COMR'S OF THE LAND OFFICE.

No. 31780. Dec. 11, 1945.

Rehearing Denied Jan. 8, 1946.

*164 P. 2d 865.*

C. C. Wilkins, of Marietta, for plaintiffs in error.

Everett H. Welborn and Beth Dale Hayes, both of Oklahoma City, for defendant in error.

DAVISON, J. This is an action by the State of Oklahoma on relation of the Commissioners of the Land Office, hereinafter called plaintiff, against Geraldine Coleman Frame and Paul S. Frame, hereinafter called defendants, and others, on a note and mortgage seeking a personal judgment against the defendants named and foreclosure of the mortgage.

The defendants filed a verified answer admitting the execution of the note and mortgage and further alleging that since the filing of the action they executed and delivered to the plaintiff their deed conveying the land described in the petition as full payment and satisfaction of the debt, interest, cost, and attorney's fee. Defendants further alleged they cannot attach copy of the deed for the reason they do not have a copy and original is in the possession of the plaintiff. To this answer plaintiff filed a verified general denial.

At the commencement of the trial the defendants demanded a jury trial, which was denied by the court. The parties introduced their evidence and the court rendered judgment on the note and decreed foreclosure of the mortgage. The defendants have appealed to this court alleging error in refusing a jury trial and other errors. It is not necessary to consider the other alleged errors for the purpose of this decision.

The plaintiff is asking for a personal judgment and foreclosure of mortgage and defendants claim satisfaction of the debt. In Barrington v. Hembree, 193 Okla. 340, 143 P. 2d 614, in connection with 12 O. S. 1941 § 556, we said in the first paragraph of the syllabus:

"A suit to recover a personal judgment upon a promissory note and to foreclose a mortgage securing the same is not an action of equitable cognizance, but one for the recovery of money, wherein the parties are entitled to a jury trial as a matter of right on the question as to recovery of money."

See, also, Collins v. Industrial Savings Society, 78 Okla. 319, 190 P. 670, wherein we quoted from McCoy v. McCoy, 30 Okla. 379, 121 P. 176:

" 'These statutes, viewed in the light of the authorities above cited, are susceptible of but one logical construction, viz.: that all issues of fact, arising in actions for the recovery of money or for the recovery of specific real or personal property, shall be tried by a jury unless a jury is waived or a reference ordered. They are mandatory both in meaning and language, and to refuse a jury in such cases would constitute reversible error.' "

The defendants in their answer plead "full payment and satisfaction" of the debt by delivery of a deed to plaintiff and further that the deed is in possession of plaintiff. Although the plea is denominated "payment and satisfaction," the attempt in legal contemplation was to plead an accord and satisfaction. See Houston Bros.v. Wagner, 28 Okla. 367, 114 P. 1106.

In the construction of any pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties. Brown v. Shwinogee, 128 Okla. 149, 261 P. 920.

Where an accord and satisfaction has been pleaded the evidence must show a meeting of the minds and that the purpose and intent of the parties was that the prior obligation was discharged, and the purpose and intent is a question for the jury to determine in the absence of a waiver thereof. Gentry v. Fife, 56 Okla. 1, 155 P. 246; Peoples Finance & Thrift Co. v. Ferrier, 191 Okla. 364, 129 P. 2d 1015.

The judgment of the trial court is reversed and remanded.

GIBSON, C. J., HURST, V. C. J., and OSBORN, WELCH, and ARNOLD, JJ., concur. CORN, J., dissents.