The **YOUNGSTOWN SHEET AND TUBE COMPANY**, a corporation, Plaintiff,

v.

**Harold F. WESTCOTT, Defendant.**

**Civ. No. 7015.**

United States District Court
W. D. Oklahoma.

Jan. 7, 1957.

Lytle, Johnson & Soule, Oklahoma City, Okl., for plaintiff.

Cargill, Cargill & Chiaf, Oklahoma City, Okl., for defendant.

WALLACE, District Judge.

The plaintiff company, the Youngstown Sheet and Tube Company, an Ohio corporation brings this action as holder of a past-due note executed by the defendant, Harold F. Westcott, an Oklahoma citizen.

The critical issue is whether or not the note in question is supported by adequate consideration. Determinative of this issue is the related question of whether there was an accord and satisfaction of the pre-existing judgment which furnished the alleged consideration for the giving of this note.

The instant note was executed in Texas and made payable in Dallas, Texas. Consequently, the note's validity

is dependent upon Texas law.[1] And, the court is of the opinion that under the Texas law an unpaid judgment is sufficient consideration to support a note.[2] However, to determine whether the judgment in question was satisfied prior to the giving of this note, we must consider the law of Oklahoma, inasmuch as the defendant urges by way of defense that the Oklahoma judgment was the subject of an accord and satisfaction prior to the giving of this note.

In February, 1951, subsequent to the rendering of the controverted judgment, James R. Eagleton, as Receiver for defendant Westcott, sent Continental Supply Company (plaintiff's predecessor in interest) a check for $2,994.85 containing a notation: "In full payment on lien, interest and attorney fees on Baker Lease * * *"[3]. In addition, the letter of transmittal from the receiver stated in part: "After payment of operating expense it was possible to distribute to each lien claimant 60% of their claim. As per order of distribution, I am therefore enclosing herewith check in the amount of $2,994.85 in payment of the claim of Continental Supply Company. I am also enclosing a release for you to execute and return to me. This is in conformity with our suggestion that the above be accepted in full settlement." Continental Supply cashed the just-mentioned check, but only after the word "full" as to payment had been deleted from the check. And, Continental Supply refused to sign the requested release. Thereafter, on May 7, 1951, Continental procured from Westcott the note in question of $3,106.78 represent-ing the difference between the earlier judgment of Continental and the sum paid Continental by the receiver from the sale of the Baker leasehold.

The defendant urges that under the facts just listed that an accord and satisfaction of the entire judgment occurred when plaintiff's predecessor in interest, Continental, retained and cashed the check; and, that consequently the sued upon note is uncollectable inasmuch as it is unsupported by consideration, the relied upon prior judgment having already been entirely satisfied prior to the execution of the note.

Unquestionably there may be an accord and satisfaction of a debt or judgment by payment of an amount less than the sum owed where in addition to the money paid, other consideration exists. The consideration, over and above the partial payment, may include the making of an accord where the debtor is insolvent or where conditions exist thereby creating doubt about recovery; and, may include where there is a composition among creditors.[4] Moreover, where there is a disputed or unliquidated claim and a check is accepted as payment in full, such amounts to a satisfaction.[5] However, there was no accord and satisfaction of the judgment in question. Although the maker of this note was in receivership at the time of the purported accord thus placing the defendant or his representative in a position to validly contract for satisfaction, nonetheless, any such accord and satisfaction must not be "mythical or theoretical" but must be an agreement clearly recognizable as to terms.[6] The

1. See 11 Am.Jur., Conflict of Laws, § 150.

2. See in particular Vernon's Civil Statutes of Texas, Art. 5933, § 25.

3. Eagleton was the receiver in the case of Potter Oils, Inc. v. Harold F. Westcott, District Court of Oklahoma County, No. 121,096.

4. See 1 C.J.S., Accord and Satisfaction, § 30(a); 100 A.L.R. 102, § 2; Wheeler v. Pettijohn, 1904, 14 Okl. 71, 76 P. 117.

5. Cf. Bradley & Metcalf Co. v. McLaughlin, 1922, 87 Okl. 34, 208 P. 1032. See Kupatzky v. Pittsburgh Plate Glass Co., 1926, 119 Okl. 236, 249 P. 412; Davis v. Davis, 1924, 103 Okl. 83, 229 P. 479.

6. Fast Motor Co. v. Morgan, 1936, 175 Okl. 269, 52 P.2d 25, 27. Cf. Frame v. State ex rel. Commissioners of Land Office, 1946, 196 Okl. 292, 164 P.2d 865.

mere fact that the receiver or the debtor might have bargained for a satisfaction because of an existing financial strait does not compel the conclusion, of itself, that an agreement was in fact reached. There is no evidence before the court that there was an unequivocal understanding between the parties that there should be complete satisfaction. Although the check originally contained the notation "full payment", at the time it was cashed the word "full" had been stricken therefrom. And, even more significant is the fact that the letter of transmittal from the receiver did not amount to a tender conditioned only upon complete satisfaction of the owed judgment. Such letter mentioned in part: "This is in conformity with our *suggestion* that the above be accepted in full settlement." (Emphasis supplied.) Neither is there any evidence that the partial payment in question was contingent upon composition among creditors; and, the court order under which the receiver handled this transaction made no mention of such payment being conditioned upon the obtaining of a release from the various creditors for the full amounts owed but provided solely that the sold leasehold estate be "adjudged to be free and clear of all liens" and that the various lienholders be paid their pro rata shares.

■ The cashing of the check in question by Continental Supply must be deemed to fall within the general rule that where a part of a past-due liquidated and undisputed sum is received and retained, even in violation of the tendered terms, that such does not constitute a discharge of the entire indebtedness for the reason there is no supporting consideration for the alleged complete discharge.[7]

The plaintiff is entitled to judgment. Within 15 days counsel should submit a journal entry of judgment which conforms with this opinion.

7. See Gapser v. Mayer, 1935, 171 Okl. 457, 43 P.2d 467; Sherman v. Pacific Coast Pipe Co., 1916, 60 Okl. 103, 159 P. 333, L.R.A.1917A, 716. Cf. Ward v.

Coleman, 1935, 170 Okl. 201, 39 P.2d 113; Metropolitan Life Ins. Co. v. Richter, 1935, 173 Okl. 489, 49 P.2d 94.