**L. C. JONES TRUCKING COMPANY, Inc.,**
**Plaintiff in Error,**

**v.**

**Ruth JENKINS, as Administratrix of the**
**Estate of A. W. Jenkins, Deceased,**
**Defendant in Error.**

No. 37276.

Supreme Court of Oklahoma.

July 2, 1957.

Sam S. Gill, Oklahoma City, for plaintiff in error.

Woodrow H. McConnell, Oklahoma City, for defendant in error.

DAVISON, Justice.

This is an action, brought by the plaintiff, Ruth Jenkins, Administratrix of the Estate of A. W. Jenkins, deceased, against the defendant, L. C. Jones Trucking Company, a corporation, for the recovery of an unpaid balance allegedly due as attorney's fees for services performed for the defendant by plaintiff's decedent in the latter part of 1953. The parties will be referred to as they appeared in the trial court, being inverse to the order in which they appear here.

For a number of years prior to his death in May 1954, the deceased, a practicing attorney, had represented the defendant on numerous occasions. Subsequent to his death, plaintiff found in his files a statement dated October 23, 1953, for fees for services rendered defendant in connection with hearings before the Interstate Commerce Commission. The statement was for $500 and a pencil notation on the statement indicated that $300 had been paid thereon. Another statement, dated December 30, 1953, for the same type of services was for $1,750 and a

notation indicated a payment of $700 thereon. This action was for the recovery of the $1,250 balance shown to be due on these two statements.

Plaintiff's petition and evidence bottomed her cause upon a quantum meruit basis, with a practicing attorney appearing as a witness and testifying to the reasonableness of the charges made by the plaintiffs' decedent for the services performed as identified on the statements. Defendant answered by way of general denial, with an admission of the legal status of the parties and of the deceased, followed by the following plea,

"The defendant specifically denies that it is indebted to the plaintiff for any sum and states that it has paid any sum due the said A. W. Jenkins at any time due for any reason."

The president and manager of the defendant appeared as a witness and admitted the performance of the services by the deceased. He further testified that, in February, 1954, the deceased was called by telephone and was invited out to defendant's office for the purpose of settling the account; that, pursuant thereto, the parties did get together and discuss the reasonableness of the charges made for such services; that they mutually agreed upon an amount which was satisfactory to both and defendant gave deceased a check for the agreed amount. A trial to a jury resulted in a verdict and judgment for plaintiff for the amount sued for and the defendant has appealed.

The first proposition here presented by defendant requires a reversal of the judgment. It is founded upon objections and exceptions to the giving of the following instructions to the jury by the trial court, to-wit:

### Instruction No. 3B

"You are instructed that the acceptance of a sum less than the amount claimed to be due in full satisfaction and discharge of the debt is no defense to the collection of the balance unless you further find that there was some additional consideration or benefit to the party relinquishing part of his claim."

### Instruction No. 4

"You are instructed that if you find that the reasonable value of the services performed for the defendant by plaintiff's husband were of the value claimed, then you must find for the plaintiff unless you further find that the decedent accepted the sum, that you find was paid to decedent by defendant, in full settlement of his claim.

"You are further instructed that the acceptance of a sum of money on a claim, a payment and acceptance by claimant of such sum is not a satisfaction and discharge of the unpaid claim unless it be made on some new consideration, as such payment operates only in discharge of the amount paid, and a creditor may maintain an action for the unliquidated amount of said claim."

Defendant relied in the trial court and here relies upon an accord and satisfaction as a defense. Plaintiff counters with the argument that,

"Defendant was not entitled to assert that there had been an accord and satisfaction, settlement, or compromise of the debt sued on by reason of its failure to plead such affirmative defense in its answer."

The pertinent part of defendant's answer is quoted above. In the case of Phillips Pet. Co. v. Myers, 202 Okl. 151, 210 P.2d 944, 947, this court, following a long line of earlier cases, pointed out that,

"Accord and satisfaction, and other transactions closely allied * * *, such as a compromise agreement, executory accord, and novation, in order to be available as a defense, must be specifically pleaded."

but it was also held, in the case of Frame v. State, 196 Okl. 292, 164 P.2d 865, 866, that,

"The defendants in their answer plead 'full payment and satisfaction' of the debt by delivery of a deed to plaintiff and further that the deed is in possession of plaintiff. Although the

plea is denominated 'payment and satisfaction' the attempt in legal contemplation was to plead an accord and satisfaction."

following the earlier case of Houston Bros. v. Wagner, 28 Okl. 367, 114 P. 1106.

■ The answer in the instant case, standing alone, might not be sufficient to come within the last quoted rule. But, defendant introduced all of the testimony relative to the settlement of the account by defendant and deceased without any objection being interposed hereto upon the grounds that it was not within the issues framed by the pleadings. We do not recommend the very inept method employed by the defendant in attempting to plead the affirmative defense yet "where, as here, evidence of payment was introduced without objection, and the answer is amendable so as to present the issue of payment, it was for the trial court to give to such evidence the weight to which it was entitled and, to consider the answer as amended to conform to the proof." Rosser-Moon Furniture Co. v. Harris, 191 Okl. 607, 131 P.2d 1004, 1006. (Numerous earlier cases are therein cited.)

■ The claim was unliquidated, as was indirectly acknowledged by plaintiff when she founded her action upon a quantum meruit basis. Being such, the claim was one subject to settlement by accord and satisfaction. "Where a claim is unliquidated or in dispute, payment and acceptance of a less sum than claimed in satisfaction operates as an accord and satisfaction, as the rule that receipt of a part of the debt due, under an agreement that shall be in full satisfaction, is not a bar to any action to recover the balance, does not apply where the plaintiff's claim is disputed or unliquidated, and the fact that the creditor was not bound to make any abatement of his claim, or that the amount accepted was much less than the creditor was entitled to recover and would have recovered had he brought action, does not in any way affect the rule." Davis v. Davis, 103 Okl. 83, 229 P. 479, 483.

■ The instructions complained of, number 3B and the last paragraph of number 4, are in direct conflict with the last above quoted rule which is here applicable and were erroneous because they entirely took from the jury's consideration, the issue of accord and satisfaction upon which the whole of the defense was founded and limited the defense to one of payment upon a new consideration. Where erroneous instructions in connection with other instructions and evidence disclose that appellant was deprived of a fair trial, the cause will be reversed for a new trial. Federal Life Ins. Co. v. Firestone, 159 Okl. 228, 15 P.2d 141.

Generally we would consider it unnecessary to discuss the other questions presented but, because a new trial is to be had and the same questions will therein arise, we will determine them now for the sake of expediency.

■ The plaintiff objected to the competency of the testimony of several witnesses who were officers or employees of the defendant corporation, concerning transactions and communications had between the defendant and deceased. No objection was made as to the competency of the witnesses. Such objections were not sufficient to raise the inhibition of the Dead Man's Statute (12 O.S.1951 § 384). The question "must be raised in the trial court by an objection to the competency of the witness, and not merely by an objection to the competency of the evidence offered by the witness." Williams v. Joins, 34 Okl. 733, 126 P. 1013.

■ Had a proper objection been made, the witnesses were not incompetent. The only party defendant was the corporation of which the witnesses were officers or employees. The witnesses were not parties. "Only one who is a party to a court action is prohibited by Title 12 O.S.1951 § 384, from testifying concerning transactions and communications had with a deceased person under the conditions prescribed by said section." Mud Products, Inc., v. Gutowsky, Okl., 274 P.2d 389, 393.

For the reasons hereinabove set forth, the judgment is reversed and the cause remanded for a new trial.