Velma CHEATHAM, now Dotson, Individually, and as Executrix under the last Will and Testament of A. B. Cheatham, Deceased, Appellee,

v.

J. H. BYNUM and Thelma Lois Bynum, Appellants.

No. 50064.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 16, 1977.

Released for Publication by Order of Court of Appeals Sept. 15, 1977.

Jon M. Masters, Paul E. Simmons, Tahlequah, for appellee.

Ted R. Fisher, Lewis C. Johnson, Tulsa, for appellants.

REYNOLDS, Presiding Judge:

This is an appeal from a judgment for the plaintiff Velma Cheatham in the amount of $9,162.58 in a suit on a note and a chattel mortgage securing its payment. The action was tried to the court in the face of the demand of the defendants J. H. and Thelma Lois Bynum for a jury trial. The refusal to grant the defendants' demand for a jury trial is the single point of error raised in this appeal.

■ The fact that the parties' right to a jury trial in Oklahoma is determined by the character of the action and of the issues framed by the pleadings, is well established. *Matlock v. Wheeler,* 306 P.2d 325 (Okl. 1956); *Brewer v. Baker,* 283 P.2d 203 (Okl. 1955). Plaintiff's petition contains two causes of action. The first cause of action is on a note and prays for a personal money judgment against the defendants, while the second is for foreclosure of the chattel mortgage securing the note. The defendants' answer admits execution of the note and sets up a defense of failure of consideration to both of plaintiff's causes of action. The defendants then allege this failure of consideration has caused a loss of future profits and seeks damages therefor.

12 O.S.1971, § 556 provides:

Issues of law must be tried by the court, unless referred. Issues of fact arising in action for the recovery of money, or of specific real or personal property, shall be tried to a jury, unless a jury is waived, or a reference is ordered, as hereinafter provided.

■ The record demonstrates the present action is a suit on a note for a personal money judgment and foreclosure of the mortgage securing it, with a counterclaim for damages. A suit to recover a personal money judgment upon a note and to foreclose a mortgage securing it is not an action of equitable cognizance, but one for the recovery of money in which both parties are entitled to a jury trial as a matter of statutory right. *Frame v. State ex rel. Comm'rs of Land Office,* 196 Okl. 292, 164 P.2d 865 (1946); *Barrington v. Hembree,* 193 Okl. 340, 143 P.2d 614 (1944); *Philbrick*

*v. Puritan Corp.,* 178 Okl. 489, 63 P.2d 38 (1936); *Collins v. Industrial Sav. Society,* 78 Okl. 319, 190 P. 670 (1920). The denial of a jury trial where required by statute is a clear violation of statutory right for which a new trial should be ordered. *Word v. Nakdimen,* 74 Okl. 229, 178 P. 257 (1918).

REVERSED AND REMANDED FOR A NEW TRIAL.

BOX and ROMANG, JJ., concur.